MORGAN, LEWIS & BOCKIUS LLP
John S. Battenfeld, Bar No. 119513
john.battenfeld@morganlewis.com
Max Fischer, Bar No. 226003
max.fischer@morganlewis.com
Brian D. Fahy, Bar No. 266750
brian.fahy@morganlewis.com
Karen Y. Cho, Bar No. 274810
karen.cho@morganlewis.com
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA 90071-3132
Tel: +1.213.612.2500
Fax: +1.213.612.2501

Attorneys for Defendant
AMAZON.COM SERVICES, LLC (incorrectly named) and AMAZON LOGISTICS, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HANS SANCHEZ, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>GREEN MESSENGERS, INC., a California corporation; AMAZON.COM SERVICES, LLC, a Delaware limited liability company; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. _____<br><br>**DEFENDANT AMAZON'S NOTICE OF REMOVAL TO FEDERAL COURT**<br><br>**[28 U.S.C. §§ 1332, 1441, 1446]**<br><br>Complaint Filed: August 13, 2020 |

**TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT**, incorrectly named Defendant Amazon.com Services, LLC and Amazon Logistics, Inc.[1] ("Amazon"), by and through its counsel, removes the above-entitled action to this Court from the Superior Court of the State of California for the County of Santa Clara, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Amazon bases its removal on the following grounds:

**I.    PROCEDURAL BACKGROUND**

1.  On August 13, 2020, Plaintiff Hans Sanchez ("Plaintiff") filed an unverified putative class action complaint in the Superior Court of the State of California, County of Santa Clara, entitled *Hans Sanchez, on behalf of himself all others similarly situated v. Green Messengers, Inc., a California corporation; Amazon.com Services, LLC, a Delaware limited liability company; and DOES 1 through 50, inclusive*, Case No. 20CV369262 (the "Complaint").

2.  On August 18, 2020, Plaintiff served copies of the Summons, Complaint, Civil Case Cover Sheet, and Civil Lawsuit Notice on the registered agent for Amazon. True and correct copies of these documents are attached hereto as **Exhibit A**. Amazon also includes within **Exhibit A**: the Superior Court's August 21, 2020 Order Deeming Case Complex and Staying Discovery and Responsive Pleading Deadline, Plaintiff's Notice thereof, and the Court's August 27, 2020 Notice of Rescheduled Case Management Conference. **Exhibit A** constitutes all of the pleadings, process, and orders served upon Amazon or filed in the Superior Court action.

3.  Plaintiff alleges that he worked for both Defendants as a non-exempt hourly delivery driver. (Exh. A, Compl., ¶ 20.) The Complaint defines "Defendants" to mean both Green Messengers, Inc. ("Green Messengers") and Amazon. (Exh. A, Compl., ¶ 1.) Plaintiff seeks to bring his class action on behalf of "all others similarly situated," and asserts claims on behalf of the following putative classes and sub-classes:

---

[1] Amazon.com Services, LLC is an erroneously named Defendant. Amazon Logistics, Inc. is the corporate entity that contracted with Defendant Green Messengers. *See* ¶ 5, *infra*.

> **Hourly Employee Class:** All persons employed by Defendants and/or any staffing agencies and/or any other third parties in hourly or non-exempt positions as delivery drivers in California during the **Relevant Time Period.**
>
>> **Meal Period Sub-Class:** All **Hourly Employee Class** members who worked in a shift in excess of five hours during the **Relevant Time Period.**
>>
>> **Rest Period Sub-Class:** All **Hourly Employee Class** members who worked a shift of at least three and one-half (3.5) hours during the **Relevant Time Period.**
>>
>> **Wage Statement Penalties Sub-Class:** All **Hourly Employee Class** members employed by Defendants in California during the period beginning one year before the filing of this action and ending when final judgment is entered.
>>
>> **Waiting Time Penalties Sub-Class:** All **Hourly Employee Class** members who separated from their employment with Defendants during the period beginning three years before the filing of this action and ending when final judgment is entered.
>
> **UCL Class:** All **Hourly Employee Class** members employed by Defendants in California during the **Relevant Time Period.**
>
> **Expense Reimbursement Class:** All persons employed by Defendants as delivery drivers in California who incurred business expenses during the **Relevant Time Period.**

(Exh. A, Compl., ¶ 12.)

4. Plaintiff seeks class damages for: (1) failure to provide meal periods; (2) failure to provide rest periods; (3) failure to pay minimum and overtime wages; (4) failure to indemnify for necessary business expenses; (5) failure to provide accurate written wage statements; (6) failure to pay all final wages; and (7) unfair competition.

5. Based on Plaintiff's theory that he and other putative class member delivery drivers were jointly employed by Green Messengers and Amazon, Amazon has calculated the amount the amount in controversy as set forth below. Amazon Logistics, Inc. (not Amazon.com Services LLC) contracted with Green Messengers to provide delivery services performed by delivery personnel employed by Green Messengers. Amazon denies that it employed or jointly employed Plaintiff or any other Green Messengers delivery drivers. Amazon reserves the right to provide additional calculations if Plaintiff's theory changes.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 39522743.3

2

DEFENDANT AMAZON'S NOTICE OF REMOVAL [28 U.S.C. §§ 1332, 1441, 1446]

## II. REMOVAL IS TIMELY

6. Amazon was served with the Summons and Complaint on August 18, 2020. Because this Notice of Removal is filed within thirty days of service of the Complaint, it is timely under 28 U.S.C. §§ 1446(b)(3) and 1453. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999). No previous Notice of Removal has been filed or made with this Court for the relief sought in this removal notice.

## III. THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION UNDER CAFA.

7. Plaintiff brings this action as a putative class action under California Code Civ. Proc. § 382. (Exh. A, Compl., ¶ 11.)[2] Removal based upon Class Action Fairness Act ("CAFA") diversity jurisdiction is proper pursuant to 28 U.S.C. §§ 1441, 1446, and 1453 because: (i) diversity of citizenship exists between at least one putative class member and one Defendant, (ii) the aggregate number of putative class members in all proposed classes is 100 or greater; and (iii) the amount placed in controversy by the Complaint exceeds, in the aggregate, $5 million, exclusive of interest and costs. 28 U.S.C. §§ 1332(d)(2) & (d)(5)(B), 1453. Although Amazon denies Plaintiff's factual allegations and denies that Plaintiff—or the classes he purports to represent—is entitled to the relief requested, based on Plaintiff's allegations in the Complaint and prayer for relief, all requirements for jurisdiction under CAFA have been met in this case.

### A. Amazon Is Not a California Citizen, and Minimal Diversity of Citizenship Exists.

8. To satisfy CAFA's diversity requirement, a party seeking removal need only show that minimal diversity exists, that is, that one putative class member is a citizen of a state different from any defendant. 28 U.S.C. § 1332(d)(2); *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*, 602 F.3d 1087, 1090-91 (9th Cir. 2010) (finding that to achieve its purposes, CAFA provides expanded original diversity jurisdiction for class actions meeting the minimal diversity requirement set forth in 28 U.S.C. § 1332(d)(2)).

---

[2] Amazon denies, and reserves the right to contest at the appropriate time, that this action can properly proceed as a class action. Amazon further denies Plaintiff's claims and denies that he can recover any damages.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 39522743.3

3

DEFENDANT AMAZON'S NOTICE OF
REMOVAL [28 U.S.C. §§ 1332, 1441, 1446]

9. The Complaint alleges that "Plaintiff HANS SANCHEZ is, and at all relevant times mentioned herein [was], an individual residing in the State of California." (Exh. A, Compl., ¶ 5.) The Complaint does not allege that Plaintiff is a citizen of any other state. "An individual is a citizen of the state in which he is domiciled." *Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1019 (C.D. Cal. 2002) (citing *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)). For purposes of diversity of citizenship jurisdiction, citizenship is determined by the individual's domicile at the time that the lawsuit is filed. *Armstrong v. Church of Scientology Int'l*, 243 F.3d 546, 546 (9th Cir. 2000) (citing *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986)). Evidence of continuing residence creates a presumption of domicile. *Washington v. Hovensa LLC*, 652 F.3d 340, 395 (3d Cir. 2011). Therefore, Plaintiff is a citizen of California for diversity jurisdiction purposes. Moreover, Plaintiff has brought claims on behalf of putative class members at least some of whom are domiciled in California. Compl., ¶ 12. Thus, Plaintiff and at least one putative class member are citizens of California for diversity jurisdiction purposes.

10. For CAFA diversity purposes, a limited liability company is deemed to be a citizen of the state where it has its principal place of business and under whose laws it is organized. 28 U.S.C. § 1332(d)(10); *see also Ferrell v. Express Check Advance of Georgia*, 591 F.3d 698, 704 (4th Cir. 2010) (holding that a limited liability company qualifies as an "unincorporated association" under Section 1332(d)(10) for purposes of CAFA removal); *Marroquin v. Wells Fargo, LLC*, 2011 WL 476540, *2 (S.D. Cal. Feb 3, 2011) (same). Amazon.com Services, LLC is organized under the laws of Delaware, and has its corporate headquarters and principal place of business in Seattle, Washington. Amazon.com Sales, Inc. is the only member of Amazon.com Services LLC. Amazon.com Sales, Inc. is a Delaware corporation with its corporate headquarters and principal place of business in Washington.

11. Amazon Logistics, Inc., the corporation that entered into a delivery services contract with Green Messengers, is a citizen of Washington and Delaware for the purposes of diversity jurisdiction. Under 28 U.S.C. § 1332, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The "principal place of

business" for the purpose of determining diversity subject matter jurisdiction refers to "the place where a corporation's officers direct, control, and coordinate the corporation's activities . . . [I]n practice it should normally be the place where the corporation maintains its headquarters— provided that the headquarters is the actual center of direction, control, and coordination, i.e., the 'nerve center,' and not simply an office where the corporation holds its board meetings . . . ." *See Hertz Corp. v. Friend*, 559 U.S. 77, 92-93, 130 S.Ct. 1181, 1192 (2010). Amazon Logistics, Inc. is incorporated under the laws of Delaware and has its headquarters and principal place of business in Seattle, Washington.

12. Amazon's corporate decisions generally are made in Seattle, Washington, including its operation, executive, administrative, and policymaking decisions. The majority of Amazon's executive officers principally conduct their business from headquarters in Washington. Thus, at all times relevant hereto, Amazon's citizenship, whether Amazon.com Services, LLC or Amazon Logistics, Inc., has been Delaware and Washington, and not California.

13. Therefore, based on the Complaint, at least one member of the putative class is a citizen of a state different than one Defendant. As a result, diversity jurisdiction exists under CAFA. 28 U.S.C. § 1332(d)(2)(A) (requiring only "minimal diversity" under which "any member of a class of plaintiffs is a citizen of a State different from any Defendant").

**B.  The Putative Class Has More than 100 Members.**

14. Based on Plaintiff's definition of the putative class, it contains more than 100 members. Based on available data, Amazon is informed and believes that Green Messengers employed more than 700 individuals who delivered products to Amazon customers in California during the period August 13, 2016 through December 1, 2019, when Amazon and Green Messengers terminated their contract for delivery services.

**C.  The Amount in Controversy Exceeds Five Million Dollars.**

15. Pursuant to CAFA, the claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds $5 million, exclusive of interest and costs. 28 U.S.C. § 1332(d)(6). Because Plaintiff does not expressly plead a specific amount of class damages, Amazon need only show that it is more likely than not that the amount in

controversy exceeds $5 million. *See Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997).

16. Amazon's burden to establish the amount in controversy is by a preponderance of the evidence. *Dart Cherokee Basin Operating Company, LLC v. Owens*, 135 S. Ct. 547 (2014); *see also Jordan v. Nationstar Mortg., LLC*, 781 F.3d 1178, 1183 (9th Cir. 2015) (citing *Dart Cherokee* for the proposition that there is no anti-removal presumption against CAFA cases). A removing party seeking to invoke CAFA jurisdiction "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 135 S. Ct. at 554. "If a federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $5 million,' the court should err in favor of exercising jurisdiction over the case." Senate Judiciary Report, S. REP. 109-14, at 42 (2005) (citation omitted).

17. "[A] removing defendant is not obligated to research, state and prove the plaintiff's claims for damages." *Sanchez v. Russell Sigler, Inc.*, 2015 WL 12765359, *2 (C.D. Cal. April 28, 2015) (citation omitted). *See also LaCross v. Knight Transportation Inc.*, 775 F.3d 1200, 1203 (9th Cir. 2015) (rejecting plaintiff's argument for remand based on the contention that the class may not be able to prove all amounts claimed: "Plaintiffs are conflating the amount in controversy with the amount of damages ultimately recoverable."); *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1198 n.1 (9th Cir. 2015) (in alleging the amount in controversy, defendants "are not stipulating to damages suffered, but only estimating the damages in controversy."). The ultimate inquiry is what amount is put "in controversy" by the plaintiff's complaint, not what a defendant will actually owe. *LaCross*, 775 F.3d at 1202 (citation omitted) (explaining that courts are directed "to first look to the complaint in determining the amount in controversy").

18. Under *Dart Cherokee*, a removing defendant is not required to submit evidence in support of its removal allegations. *Salter v. Quality Carriers, Inc.*, No. 20-55709, 2020 WL 5361459, at *4 (9th Cir. Sept. 8, 2020) ("a removing defendant's notice of removal **need not contain evidentiary submissions** but only plausible allegations of jurisdictional elements.") (internal quotations omitted) (emphasis added). However, as detailed below, Amazon has both

plausibly alleged and established that the amount in controversy exceeds $5 million and that the Court has jurisdiction pursuant to CAFA. As discussed below, when the claims of the putative class members in the present case are aggregated, their claims put into controversy over $5 million in potential damages. 28 U.S.C. § 1332(d)(2).

19. Although Amazon denies Plaintiff's factual allegations and denies that he or the classes and subclasses he seeks to represent are entitled to the relief for which he has prayed, Plaintiff's allegations and prayer for relief have "more likely than not" put into controversy an amount that exceeds the $5 million threshold when aggregating the claims of the putative class members as set forth in 28 U.S.C. § 1332(d)(6).[3]

20. As explained above, Plaintiff seeks to represent a putative class of more than 700 members. Amazon has reviewed certain data concerning the putative class and subclasses of Green Messengers delivery drivers that Plaintiff seeks to represent. Based on the allegations in the Complaint, Plaintiff has put more than $5 million in controversy as set forth below, and CAFA removal is appropriate.

### 1. Plaintiff's First and Second Causes of Action For Failure to Provide Meal and Rest Periods Put at Least $2,486,274.70 in Controversy.

21. Plaintiff seeks to represent a "Meal Period Sub-Class" of all "persons employed by Defendants and/or any staffing agencies and/or any other third parties in hourly or nonexempt positions as delivery drivers in California . . . who worked in a shift in excess of five hours during the Relevant Time Period." (Exh. A, Compl. ¶ 12.) Plaintiff also seeks to represent a "Rest Period Sub-Class," which includes delivery drivers "who worked a shift of at least three and one-

---

[3] This Notice of Removal discusses the nature and amount of damages placed at issue by Plaintiff's Complaint. Amazon's references to specific damage amounts and citation to comparable cases are provided solely for establishing that the amount in controversy is more likely than not in excess of the jurisdictional minimum. Amazon maintains that each of Plaintiff's claims is without merit and that Amazon is not liable to Plaintiff or any putative class member. Amazon expressly denies that Plaintiff or any putative class member is entitled to recover any of the penalties sought in the Complaint. In addition, Amazon denies that liability or damages can be established on a class-wide basis. No statement or reference contained herein shall constitute an admission of liability or a suggestion that Plaintiff will or could actually recover any damages based upon the allegations contained in the Complaint or otherwise. "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of [Amazon's] liability." *Lewis v. Verizon Communs., Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).

half (3.5) hours during the Relevant Time Period." (*Id.*) Regarding these sub-classes, Plaintiff alleges that "at all relevant times during the applicable limitations period, Defendants maintained a policy or practice of ***not providing***" putative sub-class members meal or rest periods or paying premium wages for missed such periods. (Exh. A, Compl. ¶¶ 57–58 and 64–65 (emphasis added).) The Complaint expressly alleges that "Plaintiff and the putative class members were ***not provided*** with meal periods of at least thirty (30) minutes for each five (5) hour work period", and "were ***not provided*** with rest periods of at least ten (10) minutes for each four (4) hour work period, or major fraction thereof…" (*Id.* ¶¶ 21, 24, 26) (emphasis added). Further, with respect to both meal and rest breaks, Plaintiff further alleges, "Defendants' productivity requirements…***required Plaintiff and the putative class to work through their meal [and rest] periods*** in order to complete their daily deliveries on time." Compl., ¶¶ 22, 27 (emphasis added).

22. Labor Code § 512(a) states that non-exempt employees must be provided an uninterrupted meal period of not less than 30 minutes for a work period of more than five hours. Labor Code § 226.7(b) states that if an employer fails to provide an employee a meal or rest period in accordance with state law, the employer shall pay the employee one additional hour of pay for each workday that the meal or rest period is not provided. The Complaint alleges that Defendants failed to pay Plaintiff and Class Members this additional hour of pay when required meal and rest periods were not provided. (Exh. A, Compl., ¶¶ 55, 65.)

23. Based on Plaintiff's class definition, Amazon's review of available data showed at least 83,153 shifts worked by Green Messengers personnel making deliveries to Amazon customers that Amazon is informed and believes involved work periods of more than five hours, during the relevant period, August 13, 2016 to November 15, 2019.[4] Amazon is in possession of a wage statement for a Green Messengers driver from 2017 that shows that driver was paid an hourly rate of $14.95. Amazon is informed and believes that Plaintiff's hourly rate was $16.00. Because the Complaint alleges that Defendants did not provide legally required meal or rest periods and *required* Green Messengers delivery drivers to work through their meal and rest

---

[4] November 15, 2019 is the last date that Green Messengers made deliveries under its delivery contract with Amazon Logistics, Inc.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

periods on a daily basis, this places an amount in controversy as to meal and rest period premium pay based on an assumed 100 percent violation rate. Under Plaintiff's theories, Amazon (and Green Messengers) would be liable for two hours of pay for each shift worked by a delivery driver class member in excess of five hours—one for the alleged meal period violation and one for the alleged rest period violation. Therefore, assuming an hourly rate of $14.95, the first and second causes of action place at least $2,486,274.70 in controversy: ($14.95 per hour x 83,153 shifts) + ($14.95 per hour x 83,153 shifts) = **$2,486,274.70**.

### 2. Plaintiff's Third Cause of Action For Failure to Pay Hourly and Overtime Wages Places $932,353.01 in Controversy.

24. The Complaint alleges that "[a]t all relevant times during the applicable limitations period, Defendants maintained a ***policy or practice of automatically deducting one-half hour from Plaintiff's timecard on every workday for a meal period***, regardless of whether or not Plaintiff [or the putative class member] was provided a meal period." (Exh. A, Compl., ¶¶ 84–85 (emphasis added).) The Complaint alleges that Plaintiff and putative class members were not paid for these hours due to the automatic deduction policy, "even though the workers were working during that time." (*See id.*, ¶ 35.) The Complaint also alleges that Defendant "failed to pay hourly wages to Plaintiff and similarly situated putative class members for all time worked, including but not limited to, overtime wages at statutory and/or agreed rates by suffering or permitting him to work during unpaid meal periods and/or failing to properly pay Plaintiff for all overtime hours worked." (*Id.* ¶ 87.) The Complaint further alleges that "Defendants required and expected Plaintiff and the putative class to spend substantial amounts of time under the control of Defendants and performing non-compensable tasks" for which they "were paid nothing." (*Id.*, ¶ 30.) The Complaint also alleges that Plaintiff "regularly worked shifts of ***eight to twelve hours per day***." (*Id.*, ¶ 23) (emphasis added). Amazon is informed and believes that the typical shift length for a Green Messengers driver exceeded 8 hours.

25. Labor Code section 510 requires that any work "in excess of eight hours in one workday" must be compensated "at the rate of no less than one and one-half times the regular rate of pay for an employee." Cal. Lab. Code § 510(a).

26. In this claim, Plaintiff is alleging that Defendants unlawfully auto-deducted 30 minute meal periods from his and class members' time every day, even though they were required to work through their meal periods each day. He further alleges that the half hour that Defendants allegedly illegally deducted from each shift resulted in Plaintiff and class members working unpaid overtime, such that the unlawfully deducted half hour of time must be compensated at the employees' overtime rate of pay. In this regard, Plaintiff alleges that he "regularly worked shifts of eight to twelve hours per day." (Exh. A, Compl. ¶ 23.) Assuming a $14.95 hourly rate, Plaintiff's third cause of action thus places at least $932,353.01 in controversy: $14.95 x 1.5 x 0.5 hours x 83,153 shifts = **$932,353.01**. An additional amount is placed in controversy for this cause of action based on Plaintiff's allegation that putative class members spent "substantial amounts of time" performing work for which for which they were paid nothing.

### 3. Plaintiff's Fifth Cause of Action For Failure to Provide Accurate Written Wage Statements Places $133,250 in Controversy.

27. Plaintiff seeks to represent a "Wage Statement Penalties Sub-Class" of all delivery drivers employed by Defendants in California "during the period beginning one year before the filing of this action . . . . " (Exh. A, Compl. ¶ 12.) Plaintiff alleges that Defendants intentionally failed to provide Plaintiff and the putative members of this sub-class with written accurate itemized wage statements. (*Id.* ¶¶ 96–99.) For this cause of action, the Complaint seeks "$50 for the initial pay period in which a violation of Labor Code section 226(a) occurred, and $100 for each subsequent pay period in which a violation of Labor Code section 226(a) occurred . . . " (Exh. A, Compl. ¶ 101.)

28. Here, during the relevant one-year statute of limitations period, Amazon is informed and believes that Green Messengers provided wage statements to putative class members on a semi-monthly basis. During the period of August 13, 2019 to November 15, 2019 (shortly before Green Messengers and Amazon ended their business relationship), Amazon is informed and believes that 299 Green Messengers employees made deliveries. This would mean that Green Messengers issued approximately 1,482 wage statements during this periods to these employees. Thus, Plaintiff's fifth cause of action for failure to provide accurate wage statements

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 39522743.3

10

DEFENDANT AMAZON'S NOTICE OF
REMOVAL [28 U.S.C. §§ 1332, 1441, 1446]

puts $133,250.00 in controversy: 299 employees during the applicable period x $50 penalty for initial pay period = $14,950 + (1,183 subsequent pay periods x $100 penalty = $118,300, equaling total claimed penalties of **$133,250.00**.

### 4. Plaintiff's Sixth Cause of Action For Failure to Pay All Final Wages Places at Least $2,511,600 in Controversy.

29. Plaintiff seeks to represent a "Waiting Time Penalties Sub-Class" of all persons employed by Defendants "who separated from their employment with Defendants during the period beginning three years before the filing of this action and ending when final judgment is entered." (Exh. A, Compl. ¶ 12.) Plaintiff alleges that Defendant willfully failed to timely pay final wages to him and putative members of this sub-class. (*Id.* ¶¶ 107–111.) Specifically, Plaintiff alleges, "During the applicable limitations period, Defendants failed to pay Plaintiff all final wages in accordance with the Labor Code by failing to timely pay those final wages," (Compl., ¶ 107), and "at all relevant time during the applicable limitations period, Defendants have failed to timely pay **Waiting Time Penalties Sub-Class** members all of their final wages in accordance with the Labor Code." (*Id.*, ¶ 108) (bolding in original).

30. During the three-year statute of limitations period applicable to a Section 203 claim, Amazon is informed and believes that at least 700 employees of Green Messengers who performed deliveries to Amazon customers separated their employment. Amazon is informed and believes that all such employees ended their employment with Green Messengers more than 30 days before the Complaint was filed. Plaintiff alleges that these former employees are still owed unpaid final wages, the Complaint seeks a full 30 days of waiting time penalties for each employee who was terminated or resigned during the applicable limitations period. (*Id.* ¶¶ 107, 108.) The Complaint does not allege that all overtime and minimum wages owed have been paid to these employees, and indeed seeks those wages as damages. *See Ford v. CEC Entm't, Inc.*, 2014 WL 3377990 (N.D. Cal. 2014) ("Assuming a 100% violation rate is thus reasonably grounded in the complaint . . . [b]ecause no averment in the complaint supports an inference that these sums were ever paid."). Assuming that these employees' final rate of pay was $14.95 per hour, and that they worked at least eight hour shifts on average, the Complaint puts in controversy

Labor Code Section 203 waiting time penalties of 3,588.00 per terminated employee ($14.95 x 8 x 30), or at least **$2,511,600** in the aggregate ($3,588.00 x 700).

31. The total amount in controversy for these five causes of action alone is therefore at least $<u>**6,063,477.71**</u> ($2,486,274.70 + $932,353.01 + $133,250 + $2,511,600), based on the allegations in the claims discussed above.[5] Thus, the CAFA $5 million requirement is satisfied based on these claims alone. However, Plaintiff's other claims place additional amounts in controversy.

### 5. Plaintiff's Fourth Cause of Action For Failure to Indemnify Places Additional Amounts in Controversy.

32. Plaintiff seeks to represent an "Expense Reimbursement Class" of all "persons employed by Defendants as delivery drivers in California who incurred business expenses during the Relevant Time Period." (Exh. A, Compl. ¶ 12.) Plaintiff alleges that he and the putative class members "were required to utilize their own personal cell phones to perform their job duties," but that they "were not reimbursed for business expenses incurred in using their personal cell phones." (*Id.* ¶¶ 37–38.) The Complaint does not allege the amounts sought for these expenses, but Plaintiff's fourth cause of action for failure to indemnify places some additional amount in controversy, causing the amount in controversy to further exceed $5 million.

### 6. Plaintiff's Request for Attorneys' Fees Places Additional Amounts in Controversy, Further Exceeding the CAFA Threshold.

33. Plaintiff seeks to recover attorneys' fees under various provisions of the Labor Code, including section 226. (Exh. A, Compl. ¶¶ 57, 68, 94, 101, 112, 130, and Prayer for Relief ¶ 12.) Future attorneys' fees are properly included in determining the amount in controversy, including for class actions seeking fees under Labor Code Section 226. *See Fritsch v. Swift Transportation Co. of Arizona, LLC,* 899 F.3d 785, 793–94 (9th Cir. 2018) ("Because the law entitles [the plaintiff] to an award of attorneys' fees if he is successful, such future attorneys' fees are at stake in the litigation, and must be included in the amount in controversy."). The Ninth Circuit held that future fee estimates can be based on "customary rates and proper fees," and that

---

[5] Even conservatively using a lower average hourly rate of $13.25, the amount in controversy would still exceed $5 million, totaling at least $5,389,137.44, using the formulas set forth above.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 39522743.3

DEFENDANT AMAZON'S NOTICE OF
REMOVAL [28 U.S.C. §§ 1332, 1441, 1446]

"a percentage-based method," such as 25% of the amount in controversy, may also be relevant when estimating the amount of fees included in the amount in controversy. *Id.* at 795 and 796, fn. 6.

34. Plaintiff's counsel have previously presented to courts, via fee motions in class actions, hourly rates of $750 to $925, and have claimed to have spent a range of 170.9 hours to over 1,000 hours prosecuting similar claims with the lodestar amounts between $723,492.50 and $5,134,454. *See, e.g.*, Defendant's Request for Judicial Notice, ¶¶ 1-5, Exh. 1 [*Bickley*] (hourly rate of $750, over 1,000 hours of work, seeking a lodestar amount of $5,134,454), Exh. 2 [*Mathien*] hourly rate of $795, 170.9 hours of work, seeking a lodestar amount of $723,492), Exh. 3 [*Ortega*] (hourly rate of $825, over 1,000 hours of work, and seeking a lodestar amount of $5,498,318). Plaintiff's counsel have received attorneys' fees in certain class actions ranging from $1,666,666.66 to $9,333,333.33, representing at least 25% of the common fund. *See, e.g.*, *Bickley v. Schneider Nat'l Carriers, Inc.*, No. 4:08-CV-05806-JSW, 2016 WL 6910261, at *4 (N.D. Cal. Oct. 13, 2016) (awarding $9,333,333.33 in attorneys' fees); *Mathein v. Pier 1 Imports (U.S.), Inc.*, No. 116CV00087DADSAB, 2018 WL 1993727, at *13 (E.D. Cal. Apr. 27, 2018) (awarding $1,166,666.66 in attorneys' fees).

35. Using 25% of the amount in controversy in this case, as detailed above, the inclusion of attorneys' fees would add at least another $1,515,869.43 in controversy (25% of $6,063,477.71), bringing the total amount in controversy to at least **$7,579,347.14**.[6] Even using lower lodestar amounts from the prior cases referenced above, each of those amounts would cause the amount in controversy to further exceed $5,000,000.

**D. CAFA's Exceptions to Removal Do Not Apply.**

36. CAFA's "home-state" and "local controversy" exceptions do not apply to this removal. The "home state" exception prevents CAFA removal only when all "primary defendants" are citizens of the state in which the action was filed. 28 U.S.C. § 1332(d)(4)(B); *Phillips v. Kaiser Found. Health Plan, Inc.*, 953 F. Supp. 2d 1078, 1086 (N.D. Cal. 2011)

---

[6] As noted in footnote 5, *supra*, utilizing a lower average hourly rate of $13.25 per hour, the total amount in controversy, inclusive of 25% of $5,389,137.44 ($1,347,284.36), puts at least $6,736,421.80 in controversy.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

("[Home state] test requires that all 'primary defendants' be residents of the same state in which the action is filed."). Here, Plaintiff brought all claims in the Complaint against Amazon and Green Messengers, seeking damages against both without distinction. (Exh. A, Compl. ¶¶ 46–130, Prayer for Relief, ¶¶ 4–13) (alleging violations against both Defendants equally).) Because Plaintiff seeks to recover amounts equally against the Defendants, Amazon is a "real target" of the lawsuit and is a primary defendant in this case. *See Vodenichar v. Halcon Energy Properties, Inc.*, 733 F.3d 497, 506 (3d Cir. 2013) (finding that all defendants were "primary defendants" when the plaintiff appeared to apportion liability equally among them); *Harrington v. Mattel, Inc.*, No. C07-05110 MJJ, 2007 WL 4556920, at *5 (N.D. Cal. Dec. 20, 2007) (holding that Mattel, Inc. and its wholly owned subsidiary, Fisher-Price, Inc., were both "primary defendants"). Amazon is not a citizen of California, the state where this action was originally filed, and so the home state exception to CAFA removal does not apply.

37. The "local controversy" exception to CAFA jurisdiction also does not apply because during the three-year period prior to the filing of this action, more than one "class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons . . . ." *See* 28 U.S.C. § 1332(d)(4)(A); *see also Chalian v. CVS Pharmacy, Inc.*, No. CV1608979ABAGRX, 2017 WL 1377589, at *3 (C.D. Cal. Apr. 11, 2017) (holding that the local controversy exception did not apply where similar class action lawsuits had been filed against defendants in the past three years).

38. On May 26, 2020, Plaintiff Francisco Zuleta filed a class action complaint in the Superior Court of California, County of Los Angeles, which asserted similar Labor Code violations against Amazon on behalf of a class of other delivery drivers who worked for a different delivery service provider and were alleged to also be employed by Amazon. Attached hereto as **Exhibit B** is a true and correct copy of this class action complaint, which was filed in *Francisco Zuleta on behalf of himself and others similarly situated v. Rapid Pasadena Services, LLC, a limited liability company; Amazon.com LLC, a limited liability company; Amazon.com Services LLC, a limited liability company; Amazon Logistics, Inc., a corporation; Amazon Fulfillment Services, Inc., a corporation; and Does 1 to 100, Inclusive*, Los Angeles Superior

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 39522743.3

14

DEFENDANT AMAZON'S NOTICE OF
REMOVAL [28 U.S.C. §§ 1332, 1441, 1446]

Court, Case No. 20STCV20163. In addition, on August 24, 2018, Yolanda Champion filed a putative class action complaint in the Northern District of California, which asserted similar Labor Code violations against Amazon on behalf of a class of other delivery drivers who worked for a different delivery service provider and were alleged to also be employed by Amazon. Attached hereto as **Exhibit C** is a true and correct copy of this class action complaint, which was filed in *Yolanda Champion, on behalf of herself, all others similarly situated v. Amazon.com, LLC, a Delaware limited liability company*[7]*; NEA Delivery, LLC, dba Fast Delivery Services, a California limited liability company, and Does 1 through 50, inclusive*, Northern District of California Case No. 3:18-cv-05222. Therefore, the "local controversy" exception does not apply.[8] *See* 28 U.S.C. § 1332(d)(4)(A).

## IV. VENUE

39. This action was originally filed in the California Superior Court for the County of Santa Clara. Initial venue is therefore proper in this district, pursuant to 28 U.S.C. § 1441(a), because it encompasses the county in which this action has been pending.

## V. NOTICE

40. Amazon will promptly serve this Notice of Removal on all parties and will promptly file a copy of this Notice of Removal with the clerk of the state court in which the action is pending, as required under 28 U.S.C. § 1446(d).

## VI. CONCLUSION

Based on the foregoing, Amazon requests that this action be removed to this Court. If any

---

[7] Effective January 1, 2018, Amazon.com LLC merged with Amazon Fulfillment Services, Inc. and changed its name to Amazon.com Services, Inc. on that same date. Effective December 30, 2019, Amazon.com Services, Inc. converted to Amazon.com Services LLC, the named defendant in this action.

[8] The "local controversy" exception also does not apply if Amazon Logistics, Inc. is viewed as the proper defendant. For example, on March 8, 2019, Plaintiffs Shaun Baskerville, Jonathan Davis, and Caesar Juarez filed a first amended consolidated class action complaint in the Superior Court of California for the County of Los Angeles, which asserted class action claims based on the same or similar Labor Code sections against Amazon Logistics, Inc. on behalf of delivery drivers who worked for another service provider. Attached hereto as **Exhibit D** is a true and correct copy of this class action complaint, which was filed in *Shaun Baskerville; Jonathan Davis; Caesar Juarez on behalf of themselves, all others similarly situated, and the general public v. Prompt Delivery, Inc., DBA Southern California Messengers; Amazon Logistics, Inc. and DOES 1 through 20, inclusive*, Los Angeles Superior Court, Case No. BC634669. (*See* Exh. C ¶¶ 50, 60–147.)

15  DEFENDANT AMAZON'S NOTICE OF REMOVAL [28 U.S.C. §§ 1332, 1441, 1446]
DB2/ 39522743.3

question arises as to the propriety of the removal of this action, Amazon respectfully requests the opportunity to present a brief and oral argument in support of its position that this case is subject to removal.

Dated: September 17, 2020  MORGAN, LEWIS & BOCKIUS LLP

By  */s/ John S. Battenfeld*
John S. Battenfeld
Max Fischer
Brian D. Fahy
Karen Y. Cho
Attorneys for Defendants
AMAZON.COM SERVICES, LLC
(incorrectly named) and AMAZON
LOGISTICS, INC.