# EXHIBIT A

DocuSign Envelope ID: E311DFC3-8C22-472D-BB10-0ACBE5127617

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
GREEN MESSENGERS, INC., a California corporation;

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
HANS SANCHEZ, on behalf of himself, all others similarly situated,

| FOR COURT USE ONLY *(SOLO PARA USO DE LA CORTE)* |
|---|
| E-FILED<br>8/13/2020 5:36 PM<br>Clerk of Court<br>Superior Court of CA,<br>County of Santa Clara<br>20CV369282<br>Reviewed By: R. Walker<br>Envelope: 4762871 |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: Santa Clara<br>*(El nombre y dirección de la corte es):* | **20CV369282** |
|---|---|

191 North First Street
San Jose, CA 95113

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Shaun Setareh, 315 S. Beverly Dr., Ste 315, Beverly Hills, CA 90212 (310)888-7771

| DATE: August 13, 2020<br>*(Fecha)* | Clerk of Court | Clerk, by<br>*(Secretario)* _____ | R. Walker | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* AMAZON.COM SERVICES, LLC, a Delaware limited liability company

under: ☐ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
☒ other *(specify):* Limited Liability Company
4. ☒ by personal delivery on *(date):* 8/18/2020

[SEAL]

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | Date Served: 8/18/2020<br>Time Served: 1350<br>OSC Server: DS 4792l35 | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|---|

DocuSign Envelope ID: E311DFC3-8C22-472D-BB10-0ACBE5127617

**SUM-200(A)**

| SHORT TITLE:<br>Hans Sanchez v. Green Messengers, Inc., et al. | CASE NUMBER:<br>**20CV369282** |
| --- | --- |

### INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff    ☒ Defendant    ☐ Cross-Complainant    ☐ Cross-Defendant

AMAZON.COM SERVICES, LLC, a Delaware limited liability company; and DOES 1 through 50, inclusive,

Page _____ of _____

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-200(A) [Rev. January 1, 2007] | **ADDITIONAL PARTIES ATTACHMENT**<br>**Attachment to Summons** |

For your protection and privacy, please press the Clear
This Form button after you have printed the form.    | Print this form | Save this form |        | Clear this form |

EXHIBIT A
Page 19

DocuSign Envelope ID: 6E9CEE66-B4A8-470C-B6FF-8A765D84B52E

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Shaun Setareh (SBN #204514)<br>SETAREH LAW GROUP<br>315 S. Beverly Dr., Suite 315<br>Beverly Hills, CA 90212<br>TELEPHONE NO.: (310) 888-7771    FAX NO.: (310) 888-0109<br>ATTORNEY FOR *(Name)*: Hans Sanchez | **Electronically Filed<br>by Superior Court of CA,<br>County of Santa Clara,<br>on 8/13/2020 5:36 PM<br>Reviewed By: R. Walker<br>Case #20CV369282<br>Envelope: 4762871** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SANTA CLARA
STREET ADDRESS:  191 North First Street
MAILING ADDRESS:
CITY AND ZIP CODE:  San Jose, CA 95113
BRANCH NAME:  Santa Clara

CASE NAME:
Hans Sanchez v. Green Messengers Inc., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER:<br>**20CV369282** |
|---|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter    ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)
- ☑ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition *(not specified above)* (43)

2. This case ☑ is  ☐ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☑ Large number of separately represented parties
   b. ☑ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☑ Substantial amount of documentary evidence
   d. ☑ Large number of witnesses
   e. ☑ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☑ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☑ punitive

4. Number of causes of action *(specify):* Seven (7)

5. This case ☑ is  ☐ is not  a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: August 13, 2020

Shaun Setareh
_____
(TYPE OR PRINT NAME)

▶ *DocuSigned by:*
Chaun S. Setareh
43B53C...
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
*www.courtinfo.ca.gov*

American LegalNet, Inc.
www.FormsWorkflow.com

**EXHIBIT A**
**Page 20**

DocuSign Envelope ID: 6E9CEE66-B4A8-470C-B6FF-8A765D84B52E

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

**EXHIBIT A**
**Page 21**

DocuSign Envelope ID: 6E9CEE66-B4A8-470C-B6FF-8A765D84B52E

| SHORT TITLE: Hans Sanchez v. Green Messengers, Inc., et al. | CASE NUMBER |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> **This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☐ YES    CLASS ACTION? ☑ YES    LIMITED CASE? ☐ YES    TIME ESTIMATED FOR TRIAL 1    ☐ HOURS/ ☑ DAYS

**Item II. Indicate** the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

> **Applicable Reasons for Choosing Courthouse Location (see Column C below)**

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | **A** Civil Case Cover Sheet Category No. | **B** Type of Action (Check only one) | **C** Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| Other Personal Injury/Property Damage/Wrongful Death Tort | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

DocuSign Envelope ID: 6E9CEE66-B4A8-470C-B6FF-8A765D84B52E

| SHORT TITLE: Hans Sanchez v. Green Messengers, Inc., et al. | | CASE NUMBER |
|---|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2.,3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☑ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

LACIV 109 (Rev. 03/11)                    **CIVIL CASE COVER SHEET ADDENDUM**              Local Rule 2.0
LASC Approved 03-04                         **AND STATEMENT OF LOCATION**                 Page 2 of 4

**EXHIBIT A**
**Page 23**

DocuSign Envelope ID: 6E9CEE66-B4A8-470C-B6FF-8A765D84B52E

| SHORT TITLE: Hans Sanchez v. Green Messengers, Inc., et al. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

DocuSign Envelope ID: 6E9CEE66-B4A8-470C-B6FF-8A765D84B52E

| SHORT TITLE: Hans Sanchez v. Green Messengers, Inc., et al. | CASE NUMBER |
|---|---|

**Item III.** Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>☑1. ☐2. ☑3. ☐4. ☐5. ☐6. ☐7. ☐8. ☑9. ☐10. | ADDRESS:<br>7238 MILTON AVE<br>APT G |
|---|---|
| CITY: Whittier | STATE: CA | ZIP CODE: 90602 | |

**Item IV.** *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the Stanley Mosk _____ courthouse in the Central _____ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: August 13, 2020 _____

DocuSigned by:

*Chaim S. Setareh*

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

# CIVIL LAWSUIT NOTICE

**20CV369282** ATTACHMENT CV-5012

**Superior Court of California, County of Santa Clara**
**191 North First St., San José, CA  95113**

CASE NUMBER: _____

## PLEASE READ THIS ENTIRE FORM

_PLAINTIFF_ (the person suing):  Within 60 days after filing the lawsuit, you must serve each Defendant with the _Complaint, Summons_, an _Alternative Dispute Resolution (ADR) Information Sheet_, and a copy of this _Civil Lawsuit Notice_, and you must file written proof of such service.

---

_DEFENDANT_ (The person sued):  **You must do each of the following to protect your rights:**

1.  You must file a **written response** to the _Complaint, using the proper legal form or format_, in the Clerk's Office of the Court, within **30 days** of the date you were served with the _Summons_ and _Complaint_;
2.  You must serve by mail  a copy of your written response on the  Plaintiff's attorney or on the Plaintiff if Plaintiff has no attorney (to "serve by mail" means to have an adult other than yourself mail a copy); and
3.  You must attend the first Case Management Conference.

   **Warning:  If you, as the Defendant, do not follow these instructions, you may automatically lose this case.**

---

_RULES AND FORMS:_   You must follow the California Rules of Court and the Superior Court of California, County of <_CountyName_> Local Civil Rules and use proper forms.  You can obtain legal information, view the rules and receive forms, free of charge, from the Self-Help Center at 201 North First Street, San José (408-882-2900 x-2926).

   ▪   State Rules and Judicial Council Forms:  www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
   ▪   Local Rules and Forms:  http://www.sccsuperiorcourt.org/civil/rule1toc.htm

_CASE MANAGEMENT CONFERENCE (CMC):_   You must meet with the other parties and discuss the case, in person or by telephone at least 30 calendar days before the CMC.  You must also fill out, file and serve a _Case Management Statement_ (Judicial Council form CM-110) at least 15 calendar days before the CMC.

   _You or your attorney must appear at the CMC._  _You may ask to appear by telephone – see Local Civil Rule 8._

---

Your Case Management Judge is: **Hon. Brian C. Walsh** Department: **1**

The 1st CMC is scheduled for: (Completed by Clerk of Court)
   Date: **12/18/20** Time: **10:00 am** in Department: **1**

The next CMC is scheduled for: (Completed by party if the 1st CMC was continued or has passed)
   Date: _____ Time: _____ in Department: _____

---

_ALTERNATIVE DISPUTE RESOLUTION (ADR):_  If all parties have appeared and filed a completed _ADR Stipulation Form_ (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at www.sccsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

_WARNING:_ Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

---

**CIVIL LAWSUIT NOTICE**

DocuSign Envelope ID: 6EED6BD1-0CD7-4289-B9B7-C2667C29CDA2

E-FILED
8/13/2020 5:36 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
20CV369282
Reviewed By: R. Walker

1  Stanley D. Saltzman (SBN 90058)
ssaltzman@marlinsaltzman.com
2  Stephen P. O'Dell (SBN 132279)
sodell@marlinsaltzman.com
3  MARLIN & SALTZMAN LLP
29800 Agoura Rd, Suite 210
4  Agoura Hills, California 91301
Telephone (818) 991-8080
5  Facsimile (818) 991-8081
6
7  Shaun Setareh (SBN 204514)
shaun@setarehlaw.com
8  William M. Pao (SBN 219846)
william@setarehlaw.com
9  Jose Maria D. Patino, Jr. (SBN 270194)
jose@setarehlaw.com
10  SETAREH LAW GROUP
315 S. Beverly Drive, Suite 315
11  Beverly Hills, California 90212
Telephone (310) 888-7771
12  Facsimile (310) 888-0109

13  Attorneys for Plaintiff
HANS SANCHEZ

14

15  SUPERIOR COURT OF THE STATE OF CALIFORNIA

16  FOR THE COUNTY OF SANTA CLARA

17  UNLIMITED JURISDICTION

18

19  HANS SANCHEZ, on behalf of himself, all
others similarly situated,

20          *Plaintiff,*

21      vs.

22

23  GREEN MESSENGERS, INC., a California
corporation; AMAZON.COM SERVICES,
24  LLC, a Delaware limited liability company;
and DOES 1 through 50, inclusive,

25          *Defendants.*

26

27

28

Case No. **20CV369282**

**CLASS ACTION COMPLAINT**

1.  Failure to Provide Meal Periods (Lab. Code §§ 204, 223, 226.7, 512 and 1198);
2.  Failure to Provide Rest Periods (Lab. Code §§ 204, 223, 226.7 and 1198);
3.  Failure to Pay Hourly Wages (Lab. Code §§ 223, 510, 1194, 1194.2, 1197, 1997.1 and 1198);
4.  Failure to Indemnify (Lab. Code § 2802);
5.  Failure to Provide Accurate Written Wage Statements (Lab. Code §§ 226(a));
6.  Failure to Timely Pay All Final Wages (Lab. Code §§ 201, 202 and 203);
7.  Unfair Competition (Bus. & Prof. Code §§ 17200 *et seq.*);

**JURY TRIAL DEMANDED**

CLASS ACTION COMPLAINT

DocuSign Envelope ID: 6EED6BD1-0CD7-4289-B9B7-C2667C29CDA2

1    COMES NOW, Plaintiff HANS SANCHEZ ("Plaintiff"), on behalf of himself, all others

2  similarly situated, complains and alleges as follows:

3                          **INTRODUCTION**

4    1.    Plaintiff brings this class action against Defendant GREEN MESSENGERS, INC., a

5  California corporation, AMAZON.COM SERVICES, LLC, a Delaware limited liability company,

6  and DOES 1 through 50, inclusive (collectively referred to as "Defendants") for alleged violations

7  of the Labor Code and Business and Professions Code.  As set forth below, Plaintiff alleges that

8  Defendants have:

9         (1)   failed to provide him and all other similarly situated individuals with meal

10             periods;

11        (2)   failed to them with rest periods;

12        (3)   failed to pay them premium wages for missed meal and/or rest periods;

13        (4)   failed to pay them premium wages for missed meal and/or rest periods at the

14             regular rate of pay

15        (5)   failed to pay them overtime wages at the correct rate;

16        (6)   failed to pay them double time wages at the correct rate;

17        (7)   failed to pay them overtime and/or double time wages by failing to include all

18             all applicable remuneration in calculating the regular rate of pay;

19        (8)   failed to provide him and all other similarly situated individuals with meal

20             periods;

21        (9)   failed to reimburse them for all necessary business expenses;

22        (10)  failed to provide them with accurate written wage statements; and

23        (11)  failed to pay them all of their final wages following separation of

24             employment.

25    Based on these alleged Labor Code violations, Plaintiff now brings this class action to

26  recover unpaid wages, restitution and related relief on behalf of himself and all others similarly

27  situated.

28  ///

CLASS ACTION COMPLAINT

DocuSign Envelope ID: 6EED6BD1-0CD7-4289-B9B7-C2667C29CDA2

**JURISDICTION AND VENUE**

2.     This Court has subject matter jurisdiction to hear this case because the monetary damages and restitution sought by Plaintiff on account of Defendants' conduct exceeds the minimal jurisdiction of the Superior Court of the State of California.

3.     Venue is proper in the County of Santa Clara because Defendant AMAZON.COM SERVICES, LLC's principal place of business is in Delaware and has not registered a California place of business with the California Secretary of State.  As such, venue is proper in any county in California.

4.     Plaintiff is informed and believes, and thereupon alleges that the individual claims of the class defined below are under the $75,000 threshold for federal diversity jurisdiction and the aggregate claim is under the $5,000,000 threshold for federal jurisdiction under the Class Action Fairness Act of 2005.  Further, there is no federal question at issue as the issues herein are based solely on California law.

**PARTIES**

5.     Plaintiff HANS SANCHEZ is, and at all relevant times mentioned herein, an individual residing in the State of California.

6.     Plaintiff is informed and believes, and thereupon alleges that Defendant GREEN MESSENGERS, INC. is, and at all relevant times mentioned herein was, a California corporation doing business in the State of California.

7.     Plaintiff is informed and believes, and thereupon alleges that Defendant AMAZON.COM SERVICES, LLC is, and at all relevant times mentioned herein, a Delaware limited liability company doing business in the State of California.

8.     Plaintiff is ignorant of the true names and capacities of the defendants sued herein as DOES 1 through 50, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend this Complaint to allege the true names and capacities of the DOE defendants when ascertained.  Plaintiff is informed and believes, and thereupon alleges that each of the fictitiously named defendants are responsible in some manner for the occurrences, acts and omissions alleged herein and that Plaintiff's alleged damages were proximately caused by these

2

DocuSign Envelope ID: 6EED6BD1-0CD7-4289-B9B7-C2667C29CDA2

1  defendants, and each of them.  Plaintiff will amend this complaint to allege both the true names and

2  capacities of the DOE defendants when ascertained.

3     9. Plaintiff is informed and believes, and thereupon alleges that, at all relevant times

4  mentioned herein, some or all of the defendants were the representatives, agents, employees,

5  partners, directors, associates, joint venturers, principals or co-participants of some or all of the

6  other defendants, and in doing the things alleged herein, were acting within the course and scope of

7  such relationship and with the full knowledge, consent and ratification by such other defendants.

8     10. Plaintiff is informed and believes, and thereupon alleges that, at all relevant times

9  mentioned herein, some of the defendants pursued a common course of conduct, acted in concert

10  and conspired with one another, and aided and abetted one another to accomplish the occurrences,

11  acts and omissions alleged herein.

12  **CLASS ALLEGATIONS**

13     11. This action has been brought and may be maintained as a class action pursuant to

14  Code of Civil Procedure section 382 because there is a well-defined community of interest among

15  the persons who comprise the readily ascertainable classes defined below and because Plaintiff is

16  unaware of any difficulties likely to be encountered in managing this case as a class action.

17     12. **Relevant Time Period**:  The relevant time period is defined as the time period

18  beginning four years prior to the filing of this action until judgment is entered.

19    **Hourly Employee Class**: All persons employed by Defendants and/or any staffing agencies

20  and/or any other third parties in hourly or non-exempt positions as delivery drivers in
California during the **Relevant Time Period**.

21     **Meal Period Sub-Class**: All **Hourly Employee Class** members who worked in a

22  shift in excess of five hours during the **Relevant Time Period**.

23     **Rest Period Sub-Class**: All **Hourly Employee Class** members who worked a shift
of at least three and one-half (3.5) hours during the **Relevant Time Period**.

24     **Wage Statement Penalties Sub-Class**: All **Hourly Employee Class** members

25  employed by Defendants in California during the period beginning one year before
the filing of this action and ending when final judgment is entered.

26     **Waiting Time Penalties Sub-Class**: All **Hourly Employee Class** members who

27  separated from their employment with Defendants during the period beginning three
years before the filing of this action and ending when final judgment is entered.

28    **UCL Class**: All **Hourly Employee Class** members employed by Defendants in California

3

CLASS ACTION COMPLAINT

**EXHIBIT A**
**Page 30**

DocuSign Envelope ID: 6EED6BD1-0CD7-4289-B9B7-C2667C29CDA2

1    during the **Relevant Time Period.**

2    **Expense Reimbursement Class:** All persons employed by Defendants as delivery drivers

3    in California who incurred business expenses during the **Relevant Time Period.**

4    13.    **Reservation of Rights**: Pursuant to Rule of Court 3.765(b), Plaintiff reserves the

5 right to amend or modify the class definitions with greater specificity, by further division into sub-

6 classes and/or by limitation to particular issues.

7    14.    **Numerosity**: The class members are so numerous that the individual joinder of each

8 individual class member is impractical. While Plaintiff does not currently know the exact number

9 of class members, Plaintiff is informed and believes, and thereupon alleges that the actual number

10 exceeds the minimum required for numerosity under California law.

11    15.    **Commonality and Predominance:** Common questions of law and fact exist as to

12 all class members and predominate over any questions which affect only individual class members.

13 These common questions include, but are not limited to:

14    A. Whether Defendants maintained a policy or practice of failing to provide employees

15      with their meal periods;

16    B. Whether Defendants maintained a policy or practice of failing to provide employees

17      with their rest periods;

18    C. Whether Defendants failed to pay premium wages to class members when they have

19      not been provided with required meal and/or rest periods;

20    D. Whether Defendants failed to pay minimum and/or overtime wages to class members as

21      a result of policies that fail to provide meal periods in accordance with California law;

22    E. Whether Defendants failed to pay minimum and/or overtime wages to class members

23      for all time worked;

24    F. Whether Defendants failed to pay overtime wages to class members as a result of

25      incorrectly calculating their regular rates of pay;

26    G. Whether Defendants failed to reimburse class members for all necessary business

27      expenses incurred during the discharge of their duties;

28

DocuSign Envelope ID: 6EED6BD1-0CD7-4289-B9B7-C2667C29CDA2

H.  Whether Defendants failed to provide class members with accurate written wage statements as a result of providing them with written wage statements with inaccurate entries for, among other things, amounts of gross and net wages, and total hours worked;

I.  Whether Defendants applied policies or practices that result in late and/or incomplete final wage payments;

J.  Whether Defendants are liable to class members for waiting time penalties under Labor Code section 203;

K.  Whether class members are entitled to restitution of money or property that Defendants may have acquired from them through unfair competition.

16.     **Typicality:**  Plaintiff's claims are typical of the other class members' claims. Plaintiff is informed and believes and thereupon alleges that Defendants have a policy or practice of failing to comply with the Labor Code and Business and Professions Code as alleged in this Complaint.

17.     **Adequacy of Class Representative:**  Plaintiff is an adequate class representative in that he has no interests that are adverse to, or otherwise conflict with, the interests of absent class members and is dedicated to vigorously prosecuting this action on their behalf. Plaintiff will fairly and adequately represent and protect the interests of the other class members.

18.     **Adequacy of Class Counsel:**  Plaintiff's counsel are adequate class counsel in that they have no known conflicts of interest with Plaintiff or absent class members, are experienced in wage and hour class action litigation, and are dedicated to vigorously prosecuting this action on behalf of Plaintiff and absent class members.

19.     **Superiority:**  A class action is vastly superior to other available means for fair and efficient adjudication of the class members' claims and would be beneficial to the parties and the Court. Class action treatment will allow a number of similarly situated persons to simultaneously and efficiently prosecute their common claims in a single forum without the unnecessary duplication of effort and expense that numerous individual actions would entail. In addition, the monetary amounts due to many individual class members are likely to be relatively

DocuSign Envelope ID: 6EED6BD1-0CD7-4289-B9B7-C2667C29CDA2

1 small and would thus make I difficult, if not impossible, for individual class members to both

2 seek and obtain relief.  Moreover, a class action will serve an important public interest by

3 permitting class members to effectively pursue the recovery of monies owed to them.  Further, a

4 class action will prevent the potential for inconsistent or contradictory judgments inherent in

5 individual litigation.

6 **GENERAL ALLEGATIONS**

7      20.     Plaintiff worked for Defendants as a non-exempt, hourly employee from

8

9 approximately March 2019 until July 20, 2019 as a delivery driver.

                                     **Missed Meal Periods**

10

11      21.     Plaintiff and the putative class members were not provided with meal periods of at

12 least thirty (30) minutes for each five (5) hour work period due to (1) Defendants' policy of not

13 scheduling each meal period as part of each work shift; (2) imposing so many deliveries on each

14 employee such that it made it unlikely that an employee would be able to take their breaks if they

15 wanted to complete their daily delivery route within the productivity standards set by Defendants;

16 and (3) no formal written meal and rest period policy that encouraged employees to take their meal

17 and rest periods.

18      22.     As a result of Defendants' policy, Plaintiff and the putative class were regularly

19 not provided with uninterrupted meal periods of at least thirty (30) minutes for each five (5)

20 hours worked due to complying with Defendants' productivity requirements that required

21 Plaintiff and the putative class to work through their meal periods in order to complete their

22 daily deliveries on time.

23

24 **Missed Meal Periods and Auto-Deduct**

25      23.     During their employment with Defendants, Plaintiffs regularly worked shifts of eight

26 to twelve hours per day, without being afforded a meal break during the first five hours and/or a

27 second meal break after ten hours, as required by California law. Defendants had a policy of

28 automatically deducting thirty minutes from Plaintiff's paycheck, regardless of whether Plaintiff

6
CLASS ACTION COMPLAINT

DocuSign Envelope ID: 6EED6BD1-0CD7-4289-B9B7-C2667C29CDA2

1   took a meal break or not.  This unlawful policy and/or practice extended to all members of the
2   putative class.

3        24.    Plaintiff and the putative class members were not provided with meal periods of at
4   least thirty (30) minutes for each five (5) hour work period due to (1) Defendants' policy of not
5   scheduling each meal period as part of each work shift; (2) imposing so many deliveries on each
6   employee such that it made it unlikely that an employee would be able to take their breaks if they
7   wanted to complete their daily delivery route within the productivity standards set by Defendants;
8   and (3) no formal written meal and rest period policy that encouraged employees to take their meal
9   and rest periods.

10       25.    As a result of Defendants' policy, Plaintiffs and the putative class were regularly
11  not provided with uninterrupted meal periods of at least thirty (30) minutes for each five (5) hours
12  worked due to complying with Defendants' productivity requirements that required Plaintiffs and
13  the putative class to work through their meal periods in order to complete their assignments on
14  time.  Nevertheless, Defendants unilaterally and without consent of the delivery workers altered
15  and/or forged Plaintiff's and each putative class member's time records to reflect that a meal
16  period had been taken.

17                                  **Missed Rest Periods**

18       26.    Plaintiff and the putative class members were not provided with rest periods of at
19  least ten (10) minutes for each four (4) hour work period, or major fraction thereof, due to (1)
20  Defendants' policy of not scheduling each rest period as part of each work shift; (2) imposing so
21  many deliveries on each employee such that it made it unlikely and unrealistic that an employee
22  would be able to take their breaks if they wanted to complete their daily delivery route within the
23  productivity standards set by Defendants; and (3) no formal written meal and rest period policy that
24  encouraged employees to take their meal and rest periods.

25       27.    As a result of Defendants' policy, Plaintiff and the putative class were regularly not
26  provided with uninterrupted rest periods of at least ten (10) minutes for each four (4) hours worked
27  due to complying with Defendants' productivity requirements that required Plaintiff and the
28  putative class to work through their rest periods in order to complete their assignments on time.

CLASS ACTION COMPLAINT

DocuSign Envelope ID: 6EED6BD1-0CD7-4289-B9B7-C2667C29CDA2

### Nonpayment of Wages Earned

28.   Plaintiff lacks information and belief to know whether any of the putative class members were hired as delivery drivers and were paid based on a piece rate basis.  Should Plaintiff learn through discovery or investigation that such was the case, Plaintiff hereby reserves the right to amend this complaint and assert different claims and/or causes of action on behalf of such piece rate workers.

29.   Defendants use a time and attendance timekeeping policy and practice which resulted in time during which non-exempt delivery drivers were subject to the control of Defendants but were not paid for all hours actually worked.

30.   Plaintiff and the putative class were compensated based on an hourly compensation plan. However, Defendants required and expected Plaintiff and the putative class to spend substantial amounts of time under the control of Defendants and performing non-compensable tasks (i.e. tasks for which Plaintiff and the putative class were paid nothing under Defendants' pay plan).

31.   In California, an employer is required to pay an employee for "all hours worked" which includes all time that an employee is under the control of the employer and including all time that the employee is suffered or permitted to work. This includes the time an employee spends, directly or indirectly, performing services which inure to the benefit of the employer and any time during which an employer's policies and procedures do not allow employees to use that time effectively for their own purposes. *Morillion v. Royal Packing Co.* (2002) 22 Cal.4th 575, 586-588; *Bono Enterprises, Inc. v. Bradshaw* (1995) 32 Cal.App.4th 968. In turn, this includes but is not limited to time spent by employees during which they cannot effectively use for their own purposes because the employees are compelled to do so by the necessities of the employer's business.

32.   The minimum wage statute applicable to Defendants' business currently provides: "Every employer shall pay to each employee, on the established payday for the period involved, not less than the applicable minimum wage *for all hours worked* in the payroll period, whether the remuneration is measure by time, piece, commission or otherwise." (Italics added.) This language expresses the intent to ensure that employees be compensated at the minimum wage for each hour worked.

CLASS ACTION COMPLAINT

DocuSign Envelope ID: 6EED6BD1-0CD7-4289-B9B7-C2667C29CDA2

33.     Labor Code sections 1194 and 1197 require that an employer compensate employees for "hours worked" at least at a minimum wage rate of pay as established by the wage orders.

34.     Despite the fact California law requires employers to pay employees for all hours worked at least at a minimum wage rate, Defendants suffered and permitted Plaintiff and the putative class to perform compensable work for which they received no compensation at all.

35.     Plaintiff and the putative class also were not paid for hours actually worked, but Defendants did not record as time worked because of Defendants' policy, custom, and/or practice of automatically deducting for meal periods, even though the workers were working during that time. This payment scheme resulted in a daily wage that is less than the legal minimum wage and failed to compensate the drivers for daily overtime and double time to which they were entitled.

36.     Defendants failed to pay Plaintiff and the putative class at least the minimum wage for all hours worked, including overtime and/or double time hours when they worked overtime and/or double time.

### Expense Reimbursement

37.     Plaintiff and the putative class members were required to utilize their own personal cell phones to perform their job duties.

38.     Plaintiff and the putative class members were not reimbursed for business expenses incurred in using their personal cell phones.

39.     In addition, Plaintiff and the putative class members were not paid at least two times the minimum wage for all hours worked.

40.     Defendants failed to reimburse Plaintiff and the putative class for such necessary business expenses incurred by them.

### Wage Statements

39.     Plaintiff and the putative class were not provided with accurate wage statements as mandated by law pursuant to Labor Code section 226.

40.     Defendants failed to comply with Labor Code section 226(a)(1) as "gross wages earned" were not accurately reflected in that: all hours worked, including overtime, were not included.

DocuSign Envelope ID: 6EED6BD1-0CD7-4289-B9B7-C2667C29CDA2

41.     Defendants failed to comply with Labor Code section 226(a)(1) as "gross wages earned" were not accurately reflected in that: all hours worked, including overtime, were not included.

42.     Defendants failed to comply with Labor Code section 226(a)(1) as "gross wages earned" were not accurately reflected in that: all hours worked, including overtime, were not included.

43.     Defendants failed to comply with Labor Code section 226(a)(2) as "total hours worked by the employee" were not accurately reflected in that: all hours worked, including overtime, were not included.

44.     Defendants failed to comply with Labor Code section 226(a)(5) as "net wages earned" were not accurately reflected in that: all hours worked, including overtime, were not included.

45.     Defendants failed to comply with Labor Code section 226(a)(9) as "all applicable hourly rates in effect during the pay period and corresponding number of hours worked at each hourly rate by the employee" were not accurately reflected in that: all hours worked, including overtime, were not included.

**FIRST CAUSE OF ACTION**

**FAILURE TO PROVIDE MEAL PERIODS**

**(Lab. Code §§ 004, 223, 226.7, 512 and 1198)**

**(Plaintiff and Meal Period Sub-Class)**

46.     Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

47.     At all relevant times, Plaintiff and the **Meal Period Sub-Class** members have been non-exempt employees of Defendant entitled to the full meal period protections of both the Labor Code and the applicable Industrial Welfare Commission Wage Order.

48.     Labor Code section 512 and Section 11 of the applicable Industrial Welfare Commission Wage Order impose an affirmative obligation on employers to provide non-exempt employees with uninterrupted, duty-free meal periods of at least thirty minutes for each work period of five hours, and to provide them with two uninterrupted, duty-free meal periods of at least thirty

10

CLASS ACTION COMPLAINT

DocuSign Envelope ID: 6EED6BD1-0CD7-4289-B9B7-C2667C29CDA2

1   minutes for each work period of ten hours.

2       49.     Labor Code section 226.7 and Section 11 of the applicable Industrial Welfare

3   Commission Wage Order ("Wage Order") both prohibit employers from requiring employees to

4   work during required meal periods and require employers to pay non-exempt employees an hour of

5   premium wages on each workday that the employee is not provided with the required meal period.

6       50.     Compensation for missed meal periods constitutes wages within the meaning of

7   Labor Code section 200.

8       51.     Labor Code section 1198 makes it unlawful to employ a person under conditions that

9   violate the applicable Wage Order.

10      52.     Section 11 of the applicable Wage Order states:

11          "No employer shall employ any person for a work period of more than five (5) hours
            without a meal period of not less than 30 minutes, except that when a work period of
12          not more than six (6) hours will complete the day's work the meal period may be
            waived by mutual consent of the employer and employee.  Unless the employee is
13          relieved of all duty during a 30 minute meal period, the meal period shall be
            considered an 'on duty' meal period and counted as time worked.  An 'on duty' meal
14          period shall be permitted only when the nature of the work prevents an employee
            from being relieved of all duty and when by written agreement between the parties
15          an on-the-job paid meal period is agreed to.  The written agreement shall state that
            the employee may, in writing, revoke the agreement at any time."
16
        53.     At all relevant times, Plaintiff was not subject to a valid on-duty meal period
17
    agreement. Plaintiff is informed and believes that, at all relevant times, **Meal Period Sub-Class**
18
    members were not subject to valid on-duty meal period agreements with Defendants.
19
        54.     Plaintiff alleges that, at all relevant times during the applicable limitations period,
20
    Defendants maintained a policy or practice of not providing Plaintiff and members of the **Meal**
21
    **Period Sub-Class** with uninterrupted, duty-free meal periods for at least thirty (30) minutes for each
22
    five (5) hour work period, as required by Labor Code section 512 ad the applicable Wage Order.
23
        55.     Plaintiff alleges that, at all relevant times during the applicable limitations period,
24
    Defendants maintained a policy or practice of failing to pay premium wages to **Meal Period Sub-**
25
    **Class** members when they worked five (5) hours without clocking out for any meal period.
26
        56.     Plaintiff alleges that, at all relevant times during the applicable limitations period,
27
    Defendants maintained a policy or practice of automatically recording and deducting one-half hour
28

---

DocuSign Envelope ID: 6EED6BD1-0CD7-4289-B9B7-C2667C29CDA2

1    for a meal period from the paychecks of **Meal Period Sub-Class** members on each day they worked,

2    regardless of whether or not they were able to take an uninterrupted, duty-free meal period.

3          57.     Plaintiff alleges that, at all relevant times during the applicable limitations period,

4    Defendants maintained a policy or practice of not providing Plaintiff and members of the **Meal**

5    **Period Sub-Class** with a second meal period when they worked shifts of ten or more hours and

6    failed to pay them premium wages as required by Labor Code 512 and the applicable Wage Order.

7          58.     Moreover, Defendants written policies do not provide that employees must take their

8    first meal period before the end of the fifth hour of work, that they are entitled to a second meal

9    period if they work a shift of over ten hours, or that the second meal period must commence before

10    the end of the tenth hour of work, unless waived.

11          55.     At all relevant times, Defendants failed to pay Plaintiff and the **Meal Period Sub-**

12    **Class** members additional premium wages, and/or were not paid premium wages at the employees'

13    regular rates of pay when required meal periods were not provided.

14          56.     Pursuant to Labor Code section 204, 218.6 and 226.7, Plaintiff, on behalf of

15    himself and the **Meal Period Sub-Class** members, seek to recover unpaid premium wages,

16    interest thereon, and costs of suit.

17          57.    Pursuant to Labor Code section 1194, Code of Civil Procedure section 1021.5, the

18    substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of himself and

19    the **Meal Period Sub-Class** members, seek to recover reasonable attorneys' fees.

20                  **SECOND CAUSE OF ACTION**

21              **FAILURE TO PROVIDE REST PERIODS**

22            **(Lab. Code §§ 204, 223, 226.7 and 1198)**

23            **(Plaintiff and Rest Period Sub-Class)**

24          58.     Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged

25    herein.

26          59.     At all relevant times, Plaintiff and the **Rest Period Sub-Class** members have been

27    non-exempt employees of Defendants entitled to the full rest period protections of both the Labor

28    Code and the applicable Wage Order.

12

CLASS ACTION COMPLAINT

DocuSign Envelope ID: 6EED6BD1-0CD7-4289-B9B7-C2667C29CDA2

60. Section 12 of the applicable Wage Order imposes an affirmative obligation on employers to permit and authorize employees to take required rest periods at a rate of no less than ten minutes of net rest time for each four hour work period, or major fraction thereof, that must be in the middle of each work period insofar as practicable.

61. Labor Code section 226.7 and Section 12 of the applicable Wage Order both prohibit employers from requiring employees to work during required rest periods and require employers to pay non-exempt employees an hour of premium wages at the employees' regular rates of pay, on each workday that the employee is not provided with the required rest period(s).

62. Compensation for missed rest periods constitutes wages within the meaning of Labor Code section 200.

63. Labor Code section 1198 makes it unlawful to employ a person under conditions that violate the Wage Order.

64. Plaintiff alleges that, at all relevant times during the applicable limitations period, Defendants maintained a policy or practice of not providing members of the **Rest Period Sub-Class** with net rest period of at least ten minutes for each four hour work period, or major fraction thereof, as required by the applicable Wage Order.

65. At all relevant times, Defendants failed to pay Plaintiff and the **Rest Period Sub-Class** members additional premium wages when required rest periods were not provided.

66. Specifically, Defendants written policies do not provide that employees may take a rest period for each four hours worked, or major fraction thereof, and that rest periods should be taken in the middle of each work period insofar as practicable.

67. Pursuant to Labor Code section 204, 218.6 and 226.7, Plaintiff, on behalf of himself and **Rest Period Sub-Class** members, seek to recover unpaid premium wages, interest thereon, and costs of suit.

68. Pursuant to Labor Code section 1194, Code of Civil Procedure section 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of himself and **Rest Period Sub-Class** members, seeks to recover reasonable attorneys' fees.

CLASS ACTION COMPLAINT

DocuSign Envelope ID: 6EED6BD1-0CD7-4289-B9B7-C2667C29CDA2

## THIRD CAUSE OF ACTION

### FAILURE TO PAY HOURLY AND OVERTIME WAGES

### (Lab. Code §§ 223, 510, 1194, 1197 and 1198)

### (Plaintiff and Hourly Employee Class)

69.     Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

70.     At all relevant times, Plaintiff and **Hourly Employee Class** members are or have been non-exempt employees of Defendants entitled to the full protections of the Labor Code and the applicable Wage Order.

71.     Section 2 of the applicable Wage Order defines "hours worked" as "the time during which an employee is subject to the control of the employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

72.     Section 4 of the applicable Wage Order requires an employer to pay non-exempt employees at least the minimum wage set forth therein for all hours worked, which consist of all hours that an employer has actual or constructive knowledge that employees are working.

73.     Labor Code section 1194 invalidates any agreement between an employer and an employee to work for less than the minimum or overtime wage required under the applicable Wage Order.

74.     Labor Code section 1194.2 entitles non-exempt employees to recover liquidated damages in amounts equal to the amounts of unpaid minimum wages and interest thereon in addition to the underlying unpaid minimum wages and interest thereon.

75.     Labor Code section 1197 makes it unlawful for an employer to pay an employee less than the minimum wage required under the applicable Wage Order for all hours worked during a payroll period.

76.     Labor Code section 1197.1 provides that it is unlawful for any employer or any other person acting either individually or as an officer, agent or employee of another person, to pay an employee, or cause an employee to be paid, less than the applicable minimum wage.

77.     Labor Code section 1198 makes it unlawful for employers to employ employees

CLASS ACTION COMPLAINT

DocuSign Envelope ID: 6EED6BD1-0CD7-4289-B9B7-C2667C29CDA2

1   under conditions that violate the applicable Wage Order.

2       78.     Labor Code section 204 requires employers to pay non-exempt employees their

3   earned wages for the normal work period at least twice during each calendar month on days the

4   employer designates in advance and to pay non-exempt employees their earned wages for labor

5   performed in excess of the normal work period by no later than the next regular payday.

6       79.     Labor Code section 223 makes it unlawful for employers to pay their employees

7   lower wages than required by contract or statute while purporting to pay them legal wages.

8       80.     Labor Code section 510 and Section 3 of the applicable Wage Order require

9   employees to pay non-exempt employees overtime wages of no less than one and one-half times

10  their respective regular rates of pay for all hours worked in excess of eight hours in one workday, all

11  hours worked in excess of forty hours in one workweek, and/or for the first eight hours worked on

12  the seventh consecutive day of one workweek.

13      81.     Labor Code section 510 and Section 3 of the applicable Wage Order also require

14  employers to pay non-exempt employees overtime wages of no less than two times their respective

15  regular rates of pay for all hours worked in excess of twelve hours in one workday and for all hours

16  worked in excess of eight hours on a seventh consecutive workday during the workweek.

17      82.     Plaintiff is informed and believes that, at all relevant times, Defendants have applied

18  centrally devised policies and practices to Plaintiff and **Hourly Employee Class** members with

19  respect to working conditions and compensation arrangements.

20      83.     At all relevant times, Defendants failed to pay hourly wages to Plaintiff and **Hourly**

21  **Employee Class** members for all time worked, including but not limited to, overtime hours at

22  statutory and/or agreed rates.

23      84.     At all relevant times during the applicable limitations period, Defendants maintained

24  a policy or practice of automatically deducting one-half hour from Plaintiff's timecard on every

25  workday for a meal period, regardless of whether or not Plaintiff was provided with a meal period.

26      85.     Plaintiff is informed and believes that, at all relevant times during the applicable

27  limitations period, Defendants maintained a policy or practice of automatically deducting one-half

28  hour from **Hourly Employee Class** members' timecard on every workday for a meal period,

15

CLASS ACTION COMPLAINT

DocuSign Envelope ID: 6EED6BD1-0CD7-4289-B9B7-C2667C29CDA2

1  regardless of whether or not **Hourly Employee Class** members were provided with a meal period.

2  86. As a result of Defendants' policy or practice of automatically deducting one-half

3  hour from employees' timecards for every workday for a meal period, Plaintiff and **Hourly**

4  **Employee Class** members were required to perform off-the-clock work that Defendants knew or

5  should have known they were working.

6  87. At all relevant times, Defendants failed to pay hourly wages to Plaintiff and similarly

7  situated putative class members for all time worked, including but not limited to, overtime wages at

8  statutory and/or agreed rates by suffering or permitting him to work during unpaid meal periods

9  and/or failing to properly pay Plaintiff for all overtime hours worked.

10  88. Plaintiff is informed and believes that, at all relevant times during the applicable

11  limitations period, Defendants maintained a policy or practice of not paying hourly wages to

12  **Hourly Employee Class** members for all time worked, including but not limited to, minimum

13  wages for time worked during meal periods, as well as overtime hours at statutory and/or agreed

14  rates, by suffering or permitting them to work during unpaid meal periods.

15  89. Pursuant to Labor Code section 1194, Code of Civil Procedure section 1021.5, the

16  substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of himself and

17  **Hourly Employee Class**

18  **FOURTH CAUSE OF ACTION**

19  **FAILURE TO INDEMNIFY**

20  **(Lab. Code § 2802)**

21  **(Plaintiff and Expense Reimbursement Class)**

22  90. Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged

23  herein.

24  91. Labor Code section 2802(a) states:

25  "An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her
26  duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them
27  to be unlawful."

28

16<br>CLASS ACTION COMPLAINT

DocuSign Envelope ID: 6EED6BD1-0CD7-4289-B9B7-C2667C29CDA2

92.     At all relevant times during the applicable limitations period, Plaintiff and the **Expense Reimbursement Class** members incurred necessary business related expenses and costs, including but not limited to, including but not limited to, use of personal cell phones to clock in and out of shifts.

93.     Plaintiff is informed and believes, and thereupon alleges that Defendants failed to reimburse and/or the reimbursement paid by Defendants, if any, was insufficient to indemnify Plaintiff and **Expense Reimbursement Class** members for all necessary expenses incurred in the discharge of their duties.

94.     Plaintiff, on behalf of himself, and **Expense Reimbursement Class** members, seek interest thereon and costs pursuant to Labor Code section 218.6, and reasonable attorneys' fees pursuant to Code of Civil Procedure section 1021.5.

## FIFTH CAUSE OF ACTION

### FAILURE TO PROVIDE ACCURATE WRITTEN WAGE STATEMENTS

### (Lab. Code § 226)

### (Plaintiff and Wage Statement Penalties Sub-Class)

95.     Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

96.     Labor Code section 226(a) states:

"An employer, semimonthly or at the time of each payment of wages, shall furnish to his or her employee, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately if wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except as provided in subdivision (j), (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee and, beginning July 1, 2013, if the employer is a temporary services employer as defined in Section 201.3, the rate

17

CLASS ACTION COMPLAINT

DocuSign Envelope ID: 6EED6BD1-0CD7-4289-B9B7-C2667C29CDA2

of pay and the total hours worked for each temporary services assignment.  The deductions made from payment of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement and the record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.  For purposes of this subdivision, 'copy' includes a duplicate of the itemized statement provided to an employee or a computer-generated record that accurately shows all of the information required by this subdivision."

97.     The Division of Labor Standards Enforcement ("DLSE") has sought to harmonize the "detachable part of the check" provision and the "accurate itemized statement in writing" provision of Labor Code section 226(a) by allowing for electronic wage statements so long as each employee retains the right to elect to receive a written paper stub or record and that those who are provided with electronic wage statements retain the ability to easily access the information and convert the electronic statements into hard copies at no expense to the employee. (DLSE Opinion Letter July 6, 2006).

98.     Plaintiff is informed and believes that, at all relevant times during the applicable limitations period, Defendants have failed to provide **Wage Statement Penalties Sub-Class** members with written accurate itemized wage statements, as described above.

99.     Plaintiff is informed and believes that Defendants' failure to provide him and **Wage Statement Penalties Sub-Class** members with accurate written wage statements were intentional in that Defendants have the ability to provide them with accurate wage statements but have intentionally provided them with written wage statements that Defendants have known or should have known do not comply with Labor Code section 226(a).

100.    Plaintiff and **Wage Statement Penalties Sub-Class** members have suffered injuries, in that Defendants have violated their legal rights to receive accurate wage statements and have misled them about their actual rates of pay, hours worked, and/or wages earned.  In addition, inaccurate information on their wage statements have prevented immediate challenges to Defendants' unlawful pay practices, has required discovery and mathematical computations to determine the amount of wages owed, has caused difficulty and expense in attempting to reconstruct time and pay records, and/or has led to the submission of inaccurate information about wages and deductions to federal and state government agencies.

18
CLASS ACTION COMPLAINT

DocuSign Envelope ID: 6EED6BD1-0CD7-4289-B9B7-C2667C29CDA2

1    101.    Pursuant to Labor Code section 226(e), Plaintiff, on behalf of himself and **Wage**

2  **Statement Penalties Sub-Class** members, seeks the greater of actual damages or $50.00 for the

3  initial pay period in which a violation of Labor Code section 226(a) occurred, and $100.00 for each

4  subsequent pay period in which a violation of Labor Code section 226(a) occurred, not to exceed an

5  aggregate penalty of $4,000.00 per class member, as well as awards of reasonable attorneys' fees

6  and costs.

7  <u>**SIXTH CAUSE OF ACTION**</u>

8  **FAILURE TO TIMELY PAY ALL FINAL WAGES**

9  **(Lab. Code §§ 201-203)**

10  **(Plaintiff and Waiting Time Penalties Sub-Class)**

11    102.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged

12  herein.

13    103.    At all relevant times, Plaintiff and **Waiting Time Penalties Sub-Class** members

14  have been entitled, upon the end of their employment with Defendants, to timely payment of all

15  wages earned and unpaid before termination or resignation.

16    104.    At all relevant times, pursuant to Labor Code section 201, employees who have been

17  discharged have been entitled to payment of all final wages immediately upon termination.

18    105.    At all relevant times, pursuant to Labor Code section 202, employees who have

19  resigned after giving at least seventy-two (72) hours notice of resignation have been entitled to

20  payment of all final wages at the time of resignation.

21    106.    At all relevant times, pursuant to Labor Code section 202, employees who have

22  resigned after giving less than seventy-two (72) hours notice of resignation have been entitled to

23  payment of all final wages within seventy-two (72) hours of giving notice of resignation.

24    107.    During the applicable limitations period, Defendants failed to pay Plaintiff all final

25  wages in accordance with the Labor Code by failing to timely pay those final wages.

26    108.    Plaintiff is informed and believes that, at all relevant time during the applicable

27  limitations period, Defendants have failed to timely pay **Waiting Time Penalties Sub-Class**

28  members all of their final wages in accordance with the Labor Code.

CLASS ACTION COMPLAINT

DocuSign Envelope ID: 6EED6BD1-0CD7-4289-B9B7-C2667C29CDA2

109.    Plaintiff is informed and believes that, at all relevant times during the applicable limitations period, Defendants have maintained a policy or practice of paying **Waiting Time Penalties Sub-Class** members their final wages without regard to the requirements of Labor Code sections 201 or 202, by failing to timely pay them all final wages.

110.    Plaintiff is informed and believes and thereupon alleges that Defendants' failure to timely pay all final wages to Plaintiff and **Waiting Time Penalties Sub-Class** members have been willful in that Defendants have the ability to pay final wages in accordance with Labor Code sections 201 and/or 202 but have intentionally adopted policies or practices that are incompatible and/or non-compliant with those requirements.

111.    Pursuant to Labor Code sections 203 and 218.6, Plaintiff, on behalf of herself and **Waiting Time Penalties Sub-Class** members, seeks waiting time penalties from the dates that their final wages have first become due until paid, up to a maximum of thirty days, and interest thereon.

112.    Pursuant to Code of Civil Procedure section 1021.5, the substantial benefit doctrine and/or the common fund doctrine, Plaintiff and **Waiting Time Penalties Sub-Class** members, seek awards of reasonable attorneys' fees and costs.

## SEVENTH CAUSE OF ACTION

### UNFAIR COMPETITION

### (Bus. & Prof. Code §§ 17200 *et seq.*)

### (Plaintiff and UCL Class)

113.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

114.    Business and Professions Code section 17200 defines "unfair competition" to include any unlawful business practice.

115.    Business and Professions Code section 17203-17204 allow a person who has lost money or property as a result of unfair competition to bring a class action in accordance with Code of Civil Procedure section 382 to recover money or property that may have been acquired from similarly situated persons by means of unfair competition.

116.    California law requires employers to pay hourly, non-exempt employees for all hours

20

CLASS ACTION COMPLAINT

DocuSign Envelope ID: 6EED6BD1-0CD7-4289-B9B7-C2667C29CDA2

1 they are permitted or suffered to work, including hours that the employer knows or reasonable

2 should know that employees have worked.

3     117.   Plaintiff and the **UCL Class** members re-allege and incorporates the FIRST,

4 SECOND, THIRD, FOURTH, FIFTH and SIXTH causes of action herein.

5     118.   Plaintiff lost money or property as a result of the aforementioned unfair competition.

6     119.   Defendants have or may have acquired money by means of unfair competition.

7     120.   Plaintiff is informed and believes and thereupon alleges that by committing the

8 Labor Code violations described in this Complaint, Defendants violated Labor Code sections 215,

9 216, 225, 226.6, 354, 408, 553, 1175, 1199 and 2802, which make it a misdemeanor to commit the

10 Labor Code violations alleged herein.

11     121.   Defendants have committed criminal conduct through their policies and practices of,

12 *inter alia*, failing to comport with their affirmative obligations as an employer to provide non-

13 exempt employees with uninterrupted, duty-free meal periods of at least thirty minutes for each

14 work period of five or more hours, by failing to pay non-exempt employees for all hours worked,

15 and by failing to reimburse them for all expenses.

16     122.   At all relevant times, Plaintiff and **UCL Class** members have been non-exempt

17 employees and entitled to the full protections of both the Labor Code and the applicable Wage

18 Order.

19     123.   Defendants' unlawful conduct as alleged in this Complaint amounts to and

20 constitutes unfair competition within the meaning of Business and Professions Code section 17200

21 *et seq.* Business and Professions Code sections 17200 *et seq.* protects against unfair competition

22 and allows a person who has suffered an injury-in-fact and has lost money or property as a result of

23 an unfair, unlawful or fraudulent business practice to seek restitution on his own behalf and on

24 behalf of similarly situated persons in a class action proceeding.

25     124.   As a result of Defendants' violations of the Labor Code during the applicable

26 limitations period, Plaintiff has suffered an injury-in-fact and has lost money or property in the form

27 of earned wages. Specifically, Plaintiff has lost money or property as a result of Defendants'

28 conduct.

DocuSign Envelope ID: 6EED6BD1-0CD7-4289-B9B7-C2667C29CDA2

1        125.    Plaintiff is informed and believes that other similarly situated persons have been

2 subject to the same unlawful policies or practices of Defendants.

3        126.    Due to the unfair and unlawful business practices in violation of the Labor Code,

4 Defendants have gained a competitive advantage over other comparable companies doing business

5 in the State of California that comply with their legal obligations.

6        127.    California's Unfair Competition Law ("UCL") permits civil recovery and injunctive

7 for "any unlawful, unfair or fraudulent business act or practice," including if a practice or act

8 violates or is considered unlawful under any other state or federal law.

9        128.    Accordingly, pursuant to Bus. & Prof. Code sections 17200 and 17203, Plaintiff

10 requests the issuance of temporary, preliminary and permanent injunctive relief enjoining

11 Defendants, and each of them, and their agents and employees, from further violations of the Labor

12 Code and applicable Industrial Welfare Commission Wage Orders; and upon a final hearing seek

13 an order permanently enjoining Defendants, and each of them, and their respective agents and

14 employees, from further violations of the Labor Code and applicable Industrial Welfare

15 Commission Wage Orders.

16        129.    Pursuant to Business and Professions Code section 17203, Plaintiff, on behalf of

17 himself and **UCL Class** members, seek declaratory relief and restitution of all monies rightfully

18 belonging to them that Defendants did not pay them or otherwise retained by means of its unlawful

19 and unfair business practices.

20        130.    Pursuant to Code of Civil Procedure section 1021.5, the substantial benefit doctrine

21 and/or the common fund doctrine, Plaintiff and **UCL Class** members are entitled to recover

22 reasonable attorneys' fees in connection with their unfair competition claims.

23                               **PRAYER FOR RELIEF**

24       WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, prays for

25 relief and judgment against Defendants as follows:

26             (1)    An order that the action be certified as a class action;

27             (2)    An order that Plaintiff be appointed class representative;

28             (3)    An order that counsel for Plaintiff be appointed class counsel;

DocuSign Envelope ID: 6EED6BD1-0CD7-4289-B9B7-C2667C29CDA2

1         (4)    Unpaid wages;

2         (5)    Actual damages;

3         (6)    Liquidated damages;

4         (7)    Restitution;

5         (8)    Declaratory relief;

6         (9)    Pre-judgment interest;

7         (10)   Statutory penalties;

8         (11)   Costs of suit;

9         (12)   Reasonable attorneys' fees; and

10        (13)   Such other relief as the Court deems just and proper.

11                      **DEMAND FOR JURY TRIAL**

12     Plaintiff, on behalf of himself and all other similarly situated, hereby demands a jury trial on

13 all issues so triable.

14

15 Dated: August 13, 2020           MARLIN & SALTZMAN LLP

16                          SETAREH LAW GROUP

17

18

19                          DocuSigned by:

20                         *Chaim S. Setareh*

21                         STANLEY D. SALTZMAN

                           STEPHEN P. O'DELL

22                         SHAUN SETAREH

                         WILLIAM M. PAO

23                         JOSE PATINO

                         Attorneys for Plaintiff

24                         HANS SANCHEZ

25

26

27

28

23
CLASS ACTION COMPLAINT



# Notice of Service of Process

**null / ALL**
**Transmittal Number: 21905072**
**Date Processed: 08/18/2020**

| | |
|---|---|
| **Primary Contact:** | Ms. Lynn Radliff<br>Amazon.Com, Inc.<br>440 Terry Ave N<br>Seattle, WA 98109-5210 |
| **Electronic copy provided to:** | Vivian Ching<br>Lynn Foley-Jefferson<br>Lizette Fernandez<br>Joell Parks<br>Stephanie Habben<br>Marcela Viegas<br>Sara Rawson<br>Theresa Nixon<br>Kaitlyn Bunker<br>Gianmarco Vairo<br>Eugide Matondo<br>Michelle King<br>Rebecca Hartley<br>Jesse Jensen<br>Rochelle Lewis<br>Karen Curtis<br>Kimberly Thomas<br>Maria Catana<br>Stephen Swisher |

| | |
|---|---|
| **Entity:** | Amazon.com Services LLC<br>Entity ID Number  2102616 |
| **Entity Served:** | Amazon.Com Services, LLC |
| **Title of Action:** | Hans Sanchez vs. Green Messengers, Inc. |
| **Matter Name/ID:** | Hans Sanchez vs. Amazon.Com Services, LLC (10376730) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Class Action |
| **Court/Agency:** | Santa Clara County Superior Court, CA |
| **Case/Reference No:** | 20CV369282 |
| **Jurisdiction Served:** | Delaware |
| **Date Served on CSC:** | 08/18/2020 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Shaun Setareh<br>310-888-7771 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

**EXHIBIT A**
**Page 51**

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA**
**191 N. FIRST STREET**
**SAN JOSE, CA  95113-1090**

**Electronically Filed**
**by Superior Court of CA,**
**County of Santa Clara,**
**on 8/17/2020 4:16 PM**
**Reviewed By: R. Walker**
**Case #20CV369282**
**Envelope: 4777695**

TO:   FILE COPY

RE:            **Sanchez v. Green Messengers, Inc., et al.**
CASE NUMBER:   **20CV369282**


**ORDER DEEMING CASE COMPLEX AND STAYING DISCOVERY**
**AND RESPONSIVE PLEADING DEADLINE**


WHEREAS, the Complaint was filed by Plaintiff **HANS SANCHEZ** ("Plaintiff") in the Superior Court of California, County of Santa Clara, on **August 13, 2020** and assigned to Department **1** (Complex Civil Litigation), the **Honorable Brian C. Walsh**  presiding, pending a ruling on the complexity issue;

IT IS HEREBY ORDERED that:
The Court determines that the above-referenced case is **COMPLEX** within the meaning of California Rules of Court 3.400.  The matter remains assigned, for all purposes, including discovery and trial, to Department  1 (Complex Civil Litigation), the **Honorable Brian C. Walsh**  presiding.
The parties are directed to the Court's local rules and guidelines regarding electronic filing and to the Complex Civil Guidelines, which are available on the Court's website.
Pursuant to California Rules of Court, Rule 3.254, the creation and maintenance of the Master Service List shall be under the auspices of (1) Plaintiff **HANS SANCHEZ**, as the first-named party in the Complaint, and (2) the first-named party in each Cross-Complaint, if any.
Pursuant to Government Code section 70616(c), each party's complex case fee is due within ten (10) calendar days of this date.
Plaintiff shall serve a copy of this Order on all parties forthwith and file a proof of service within seven (7) days of service.
Any party objecting to the complex designation must file an objection and proof of service within ten (10) days of service of this Order.  Any response to the objection must be filed within seven (7) days of service of the objection.  The Court will make its ruling on the submitted pleadings.
The Case Management Conference remains set for **December 18, 2020 at 10:00 a.m. in Department  1** and all counsel are ordered to attend by **CourtCall**.
Counsel for all parties are ordered to meet and confer in person at least 15 days prior to the First Case Management Conference and discuss the following issues:
1.  Issues related to recusal or disqualification;
2.  Issues of law that, if considered by the Court, may simplify or further resolution of the case, including issues regarding choice of law;
3.  Appropriate alternative dispute resolution (ADR), for example, mediation, mandatory settlement conference, arbitration, mini-trial;

-----
Updated on 7/30/20.

1

4. A plan for preservation of evidence and a uniform system for identification of documents throughout the course of this litigation;
5. A plan for document disclosure/production and additional discovery; which will generally be conducted under court supervision and by court order;
6. Whether it is advisable to address discovery in phases so that information needed to conduct meaningful ADR is obtained early in the case (counsel should consider whether they will stipulated to limited merits discovery in advance of certification proceedings), allowing the option to complete discovery if ADR efforts are unsuccessful;
7. Any issues involving the protection of evidence and confidentiality;
8. The handling of any potential publicity issues;

Counsel for Plaintiff is to take the lead in preparing a Joint Case Management Conference Statement to be filed 5 calendar days prior to the First Case Management Conference, and include the following:

1. A Statement as to whether additional parties are likely to be added and a proposed date by which all parties must be served;
2. Service lists identifying all primary and secondary counsel, firm names, addresses, telephone numbers, email addresses and fax numbers for all counsel;
3. A description of all discovery completed to date and any outstanding discovery as of the date of the conference;
4. Applicability and enforceability of arbitration clauses, if any;
5. A list of all related litigation pending in other courts, including Federal Court, and a brief description of any such litigation, and a statement as to whether any additional related litigation is anticipated (CRC 3.300);
6. A description of factual and legal issues – the parties should address any specific contract provisions the interpretation of which may assist in resolution of significant issues in the case;
7. The parties' tentative views on an ADR mechanism and how such mechanism might be integrated into the course of the litigation;
8. Whether discovery should be conducted in phases or limited; and if so, the order of phasing or types of limitations of discovery.  If this is a class action lawsuit, the parties should address the issue of limited merits discovery in advance of class certification motions.

To the extent the parties are unable to agree on the matters to be addressed in the Joint Case Management Conference Statement, the positions of each party or of various parties should be set forth separately and attached to this report as addenda.  The parties are encouraged to propose, either jointly or separately, any approaches to case management they believe will promote the fair and efficient handling of this case.  The Court is particularly interested in identifying potentially dispositive or significant threshold issues the early resolution of which may assist in moving the case toward effective ADR and/or a final disposition.

**STAY ON DISCOVERY AND RESPONSIVE PLEADING DEADLINE**  Pending further order of this Court, the service of discovery and the obligation to respond to any outstanding discovery is stayed. However, Defendant(s) shall file a Notice of Appearance for purposes of identification of counsel and preparation of a service list. The filing of such a Notice of Appearance shall be without prejudice to the later filing of a motion to quash to contest jurisdiction.  Parties shall not file or serve responsive pleadings, including answers to the complaint, motions to strike, demurrers, motions for change of venue and cross-complaints until a date is set at the First Case Management Conference for such filings and hearings.

-----
Updated on 7/30/20.

2

This Order is issued to assist the Court and the parties in the management of this "Complex" case through the development of an orderly schedule for briefing and hearings.  This Order shall not preclude the parties from continuing to informally exchange documents that may assist in their initial evaluation of the issues presented in this Case.

Plaintiff shall serve a copy of this Order on all the parties in this matter forthwith.

SO ORDERED.

Date:   August 17, 2020

Hon. **Brian C. Walsh**
Judge of the Superior Court

---

If you, a party represented by you, or a witness to be called on behalf of that party need an accommodation under the American with Disabilities Act, please contact the Court Administrator's office at (408) 882-2700, or use the Court's TDD line, (408) 882-2690 or the Voice/TDD California Relay Service, (800) 735-2922.

20CV369282
Santa Clara – Civil

1   Shaun Setareh (SBN 204514)
    shaun@setarehlaw.com
2   William M. Pao (SBN 219846)
    william@setarehlaw.com
3   Jose Maria D. Patino, Jr. (SBN 270194)
    jose@setarehlaw.com
4   SETAREH LAW GROUP
    315 S. Beverly Drive, Suite 315
5   Beverly Hills, California 90212
    Telephone (310) 888-7771
6   Facsimile (310) 888-0109

7   Stephen O'Dell (SBN 132279)
    sodell@marlinsaltzman.com
8   Stanley Saltzman (SBN 90058)
    ssaltzman@marlinsaltzman.com
9   MARLIN & SALTZMAN LLP
    29800 Agoura Rd, Suite 210
10  Agoura Hills, California 91301
    Telephone (818) 991-8080
11  Facsimile (818) 991-8081

12
    Attorneys for Plaintiff
13  HANS SANCHEZ

14

15

16

17

**Electronically Filed
by Superior Court of CA,
County of Santa Clara,
on 8/21/2020 11:34 AM
Reviewed By: R. Walker
Case #20CV369282
Envelope: 4805895**

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SANTA CLARA

UNLIMITED JURISDICTION

18

19  HANS SANCHEZ, on behalf of himself, all
    others similarly situated,

20          *Plaintiff*,

21      vs.

22

23  GREEN MESSENGERS, INC., a California
    corporation; AMAZON.COM SERVICES,
24  LLC, a Delaware limited liability company;
    and DOES 1 through 50, inclusive,

25          *Defendants*.

26

27

28

Case No. 20CV369282

PLAINTIFF'S NOTICE OF ORDER
DEEMING CASE COMPLEX AND
STAYING DISCOVERY AND RESPONSIVE
PLEADING DEADLINE

---

EXHIBIT A
Page 55

1      TO ALL PARTIES HEREIN AND THEIR ATTORNEYS OF RECORD:

2      PLEASE TAKE NOTICE of Order Deeming Case Complex and Staying Discovery and

3 Responsive Pleading Deadline. A true and correct copy is attached hereto as Exhibit A.

4

5 Dated:  August 21, 2020          SETAREH LAW GROUP

                      MARLIN & SALTZMAN LLP

6

7

8

9

10                   _/s/ Jose Patino_

11                   SHAUN SETAREH
                  WILLIAM M. PAO

12                   JOSE PATINO
                  STEPHEN O'DELL

13                   STANLEY SALTZMAN
                  Attorneys for Plaintiff

14                   HANS SANCHEZ

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA**
**191 N. FIRST STREET**
**SAN JOSE, CA  95113-1090**

**Electronically Filed**
**by Superior Court of CA,**
**County of Santa Clara,**
**on 8/17/2020 4:16 PM**
**Reviewed By: R. Walker**
**Case #20CV369282**
**Envelope: 4777695**

TO:    FILE COPY

RE:          <u>**Sanchez v. Green Messengers, Inc., et al.**</u>
CASE NUMBER:    **20CV369282**

**ORDER DEEMING CASE COMPLEX AND STAYING DISCOVERY**
**AND RESPONSIVE PLEADING DEADLINE**

WHEREAS, the Complaint was filed by Plaintiff **HANS SANCHEZ** ("Plaintiff") in the Superior Court of California, County of Santa Clara, on **August 13, 2020** and assigned to Department **1** (Complex Civil Litigation), the **Honorable Brian C. Walsh**  presiding, pending a ruling on the complexity issue;

IT IS HEREBY ORDERED that:
   The Court determines that the above-referenced case is **COMPLEX** within the meaning of California Rules of Court 3.400.  The matter remains assigned, for all purposes, including discovery and trial, to Department  **1** (Complex Civil Litigation), the **Honorable Brian C. Walsh**  presiding.
   The parties are directed to the Court's local rules and guidelines regarding electronic filing and to the Complex Civil Guidelines, which are available on the Court's website.
   Pursuant to California Rules of Court, Rule 3.254, the creation and maintenance of the Master Service List shall be under the auspices of (1) Plaintiff **HANS SANCHEZ**, as the first-named party in the Complaint, and (2) the first-named party in each Cross-Complaint, if any.
   Pursuant to Government Code section 70616(c), each party's complex case fee is due within ten (10) calendar days of this date.
   Plaintiff shall serve a copy of this Order on all parties forthwith and file a proof of service within seven (7) days of service.
   Any party objecting to the complex designation must file an objection and proof of service within ten (10) days of service of this Order.  Any response to the objection must be filed within seven (7) days of service of the objection.  The Court will make its ruling on the submitted pleadings.
   The Case Management Conference remains set for <u>**December 18, 2020 at 10:00 a.m. in Department  1**</u>  and all counsel are ordered to attend by <u>**CourtCall**</u>.
   Counsel for all parties are ordered to meet and confer in person at least 15 days prior to the First Case Management Conference and discuss the following issues:
   1.  Issues related to recusal or disqualification;
   2.  Issues of law that, if considered by the Court, may simplify or further resolution of the case, including issues regarding choice of law;
   3.  Appropriate alternative dispute resolution (ADR), for example, mediation, mandatory settlement conference, arbitration, mini-trial;

-----
Updated on 7/30/20.

1

4. A plan for preservation of evidence and a uniform system for identification of documents throughout the course of this litigation;

5. A plan for document disclosure/production and additional discovery; which will generally be conducted under court supervision and by court order;

6. Whether it is advisable to address discovery in phases so that information needed to conduct meaningful ADR is obtained early in the case (counsel should consider whether they will stipulated to limited merits discovery in advance of certification proceedings), allowing the option to complete discovery if ADR efforts are unsuccessful;

7. Any issues involving the protection of evidence and confidentiality;

8. The handling of any potential publicity issues;

Counsel for Plaintiff is to take the lead in preparing a Joint Case Management Conference Statement to be filed 5 calendar days prior to the First Case Management Conference, and include the following:

1. A Statement as to whether additional parties are likely to be added and a proposed date by which all parties must be served;

2. Service lists identifying all primary and secondary counsel, firm names, addresses, telephone numbers, email addresses and fax numbers for all counsel;

3. A description of all discovery completed to date and any outstanding discovery as of the date of the conference;

4. Applicability and enforceability of arbitration clauses, if any;

5. A list of all related litigation pending in other courts, including Federal Court, and a brief description of any such litigation, and a statement as to whether any additional related litigation is anticipated (CRC 3.300);

6. A description of factual and legal issues – the parties should address any specific contract provisions the interpretation of which may assist in resolution of significant issues in the case;

7. The parties' tentative views on an ADR mechanism and how such mechanism might be integrated into the course of the litigation;

8. Whether discovery should be conducted in phases or limited; and if so, the order of phasing or types of limitations of discovery.  If this is a class action lawsuit, the parties should address the issue of limited merits discovery in advance of class certification motions.

To the extent the parties are unable to agree on the matters to be addressed in the Joint Case Management Conference Statement, the positions of each party or of various parties should be set forth separately and attached to this report as addenda.  The parties are encouraged to propose, either jointly or separately, any approaches to case management they believe will promote the fair and efficient handling of this case.  The Court is particularly interested in identifying potentially dispositive or significant threshold issues the early resolution of which may assist in moving the case toward effective ADR and/or a final disposition.

**STAY ON DISCOVERY AND RESPONSIVE PLEADING DEADLINE**  Pending further order of this Court, the service of discovery and the obligation to respond to any outstanding discovery is stayed. However, Defendant(s) shall file a Notice of Appearance for purposes of identification of counsel and preparation of a service list. The filing of such a Notice of Appearance shall be without prejudice to the later filing of a motion to quash to contest jurisdiction.  Parties shall not file or serve responsive pleadings, including answers to the complaint, motions to strike, demurrers, motions for change of venue and cross-complaints until a date is set at the First Case Management Conference for such filings and hearings.

----

This Order is issued to assist the Court and the parties in the management of this "Complex" case through the development of an orderly schedule for briefing and hearings.  This Order shall not preclude the parties from continuing to informally exchange documents that may assist in their initial evaluation of the issues presented in this Case.

Plaintiff shall serve a copy of this Order on all the parties in this matter forthwith.

SO ORDERED.

Date:   August 17, 2020

Hon. **Brian C. Walsh**
Judge of the Superior Court

---

If you, a party represented by you, or a witness to be called on behalf of that party need an accommodation under the American with Disabilities Act, please contact the Court Administrator's office at (408) 882-2700, or use the Court's TDD line, (408) 882-2690 or the Voice/TDD California Relay Service, (800) 735-2922.

**PROOF OF SERVICE**

I am a citizen of the United States and am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 315 South Beverly Drive, Suite 315 Beverly Hills, CA 90212.

On August 21, 2020, I served the foregoing documents described as:

**PLAINTIF'S NOTICE OF ORDER DEEMING CASE COMPLEX AND STAYING DISCOVERY AND RESPONSIVE PLEADING DEADLINE**

in this action by transmitting a true copy thereof enclosed in a sealed envelope addressed as follows:

AMAZON.COM SERVICES, LLC          GREEN MESSENGERS
251 Little Falls Dr.                            1740 E. Gary Ave, Suite 103
Wilmington, DE 19808                      Santa Ana, CA 92705


Stephen O'Dell
sodell@marlinsaltzman.com
Stanley Saltzman
ssaltzman@marlinsaltzman.com
MARLIN & SALTZMAN LLP
29800 Agoura Rd, Suite 210
Agoura Hills, CA 91301
**Co-Counsel for Plaintiff HANS SANCHEZ**

**[X]    BY MAIL**

I am readily familiar with the practice of Setareh Law Group for the collection and processing of correspondence for mailing with the United States Postal Service.  It is the practice that correspondence is deposited with United States Postal Service the same day it is submitted for mailing with postage thereon fully prepaid at Beverly Hills, California.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

**[X]    STATE**  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on August 21, 2020, at Beverly Hills, California.


_/s/ Lauren Farrington_
Lauren Farrington

1
PROOF OF SERVICE

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA**
**191 N. FIRST STREET**
**SAN JOSE, CA 95113-1090**

**Electronically Filed**
**by Superior Court of CA,**
**County of Santa Clara,**
**on 8/27/2020 1:08 PM**
**Reviewed By: R. Walker**
**Case #20CV369282**
**Envelope: 4836999**

TO:     FILE COPY

RE:                **Sanchez v. Green Messengers, Inc., et al.**
CASE NUMBER:   **20CV369282**

**NOTICE OF RESCHEDULED CASE MANAGEMENT CONFERENCE**

The Case Management Conference for the above entitled case has been reset (from December 18, 2020) and you are directed to appear in court on:

| | | |
|---|---|---|
| **Date: December 17, 2020** | **At: 2:30 pm** | **In: Department 1** |

Location:  Superior Court, 191 North First Street, San Jose, CA 95113.

A copy of the current Complex Civil Litigation Guidelines may be downloaded from the Court's website.

A single updated <u>Joint</u> Case Management Statement shall be filed by the parties no later than five (5) calendar days prior to the next scheduled Case Management Conference.

==No personal appearances are permitted at this time; all appearances must be made thru CourtCall.==

For further information, contact the Complex Civil Litigation Department, (408) 882-2286.

Date:  August 27, 2020

_____
Hon. Brian C. Walsh
Judge of the Superior Court

---

If you, a party represented by you, or a witness to be called on behalf of that party need an accommodation under the American with Disabilities Act, please contact the Court Administrator's office at (408) 882-2700, or use the Court's TDD line, (408) 882-2690 or the Voice/TDD California Relay Service, (800) 735-2922.

20CV369282
Santa Clara – Civil

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Shaun Setareh, 204514<br>Law Office of Shaun Setareh<br>315 South Beverly Drive , Suite 315<br>Beverly Hills, CA 90212<br>TELEPHONE NO.: (310)888-7771<br>ATTORNEY FOR (Name): Plaintiff | **Electronically Filed<br>by Superior Court of CA,<br>County of Santa Clara,<br>on 9/10/2020 10:39 AM<br>Reviewed By: System System<br>Case #20CV369282<br>Envelope: 4908905** |

System System

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
Superior Court of California, Santa Clara County
191 N. First Street
San Jose, CA 95113-1090

| PLAINTIFF/PETITIONER: HANS SANCHEZ, on behalf of himself,<br><br>DEFENDANT/RESPONDENT: GREEN MESSENGERS, INC., a California corporal | CASE NUMBER:<br>20CV369282 |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>GREEN MESSENGERS |

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action.
2. I served copies of:    Summon, Complaint, Civil Case Cover Sheet, Civil Lawsuit Notice.

3. a. Party served:  AMAZON.COM SERVICES, LLC, a Delaware limited liability company

   b. Person Served: Lynanne Gares, Corporation Service Company - Person Authorized to Accept Service of Pro
4. Address where the party was served:  251 Little Falls Dr.
   Wilmington, DE 19808
5. I served the party
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to
      receive service of process for the party (1) on (date): 08/18/2020        (2) at (time): 1:50PM
6. The "Notice to the Person Served" (on the summons) was completed as follows:

   d. on behalf of:

   AMAZON.COM SERVICES, LLC, a Delaware limited liability company
   under: Other: Limited Liability Company
7. **Person who served papers**
   a. Name:      Danielle Stevens
   b. Address:   One Legal - P-000618-Sonoma
                 1400 North McDowell Blvd, Ste 300
                 Petaluma, CA 94954

   c. Telephone number:  415-491-0606
   d. The fee for service was: $ 160.00
   e I am:
      (1)  Not a registered California process server.

8. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.
Date:  08/24/2020

Danielle Stevens
(NAME OF PERSON WHO SERVED PAPERS)                                    (SIGNATURE)

| Form Adopted for Mandatory Use<br>Judicial Council of California POS-010<br>[Rev. Jan 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10<br><br>OL# 15050420 |
|---|---|---|

**EXHIBIT A
Page 63**

20CV369282
Santa Clara – Civil

POS-010

System System

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Shaun Setareh, 204514<br>Law Office of Shaun Setareh<br>315 South Beverly Drive , Suite 315<br>Beverly Hills, CA 90212<br>TELEPHONE NO.: (310)888-7771<br>ATTORNEY FOR (Name): Plaintiff | **Electronically Filed**<br>**by Superior Court of CA,**<br>**County of Santa Clara,**<br>**on 9/11/2020 10:38 AM**<br>**Reviewed By: System System**<br>**Case #20CV369282**<br>**Envelope: 4915913** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
Superior Court of California, Santa Clara County
191 N. First Street
San Jose, CA 95113-1090

PLAINTIFF/PETITIONER: HANS SANCHEZ, on behalf of himself,

DEFENDANT/RESPONDENT: GREEN MESSENGERS, INC., a California corporal

| | |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | CASE NUMBER:<br>20CV369282 |
| | Ref. No. or File No.:<br>GREEN MESSENGERS |

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action.
2. I served copies of:   Summon, Complaint, Civil Case Cover Sheet, Civil Lawsuit Notice.

3.  a. Party served:  AMAZON.COM SERVICES, LLC, a Delaware limited liability company

   b. Person Served: Lynanne Gares, Corporation Service Company - Person Authorized to Accept Service of Pro

4. Address where the party was served:  251 Little Falls Dr.
   Wilmington, DE 19808

5. I served the party
   a.  **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on (date): 08/18/2020     (2) at (time): 1:50PM

6. The "Notice to the Person Served" (on the summons) was completed as follows:

   d. on behalf of:

   AMAZON.COM SERVICES, LLC, a Delaware limited liability company
   under: Other: Limited Liability Company

7.  **Person who served papers**
   a. Name:    Danielle Stevens
   b. Address:    One Legal - P-000618-Sonoma
      1400 North McDowell Blvd, Ste 300
      Petaluma, CA 94954

   c. Telephone number:  415-491-0606
   d. The fee for service was: $ 160.00
   e I am:
      (1) Not a registered California process server.

8. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date:  08/24/2020

Danielle Stevens
(NAME OF PERSON WHO SERVED PAPERS)                                        (SIGNATURE)

Form Adopted for Mandatory Use
Judicial Council of California POS-010
[Rev. Jan 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10

OL# 15050420

**EXHIBIT A**
**Page 64**