UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HANS SANCHEZ,<br><br>    Plaintiff,<br><br>   v.<br><br>GREEN MESSENGERS, INC., et al.,<br><br>    Defendants. | Case No.  5:20-cv-06538-EJD<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 31 |

Plaintiff Hans Sanchez brings a putative class action, alleging that Defendants Green Messengers and Amazon.com Services failed to provide delivery drivers with adequate meal and rest periods and wage statements. Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Amazon.com (hereinafter "Amazon") moves to dismiss Plaintiff's Second Amended Complaint ("SAC") on the grounds that the complaint fails to allege that an employment relationship existed between Amazon and the Plaintiff. The Court agrees and dismisses the SAC with leave to amend.[1]

**I.    BACKGROUND**

Defendant Green Messengers employed Plaintiff in 2019 as a delivery driver. *But see* SAC ¶ 20, Dkt. No. 26 (stating that Plaintiff worked for "Defendants" as a "non-exempt, hourly employee from approximately March 2019 until July 20, 2019, as a delivery driver."). Plaintiff alleges that he and the putative class members were not provided with meal periods of at least thirty minutes for each five-hour work period due to "Defendants'" policy of not scheduling meal

---

[1] After considering the parties papers, the Court finds this motion suitable for consideration without oral argument. *See* N.D. Cal. Civ. L.R. 7-1(b).

Case No.:  5:20-cv-06538-EJD
ORDER GRANTING MOTION TO DISMISS

1

1 periods as part of each work shift, imposing too many deliveries on employees, and failing to
2 provide employees with a formal written meal and rest period policy that encouraged employees to
3 take their meal and rest periods. SAC ¶ 21. Plaintiff alleges that although he and the class
4 regularly were not afforded meal breaks, Defendants still automatically deducted thirty minutes
5 from their paychecks, regardless of whether they took meal breaks. SAC ¶ 23. Plaintiff further
6 alleges that he and the putative class members were not provided with rest periods of at least ten
7 minutes for each four-hour work period. SAC ¶ 26. Plaintiff also alleges that he and the putative
8 class were not paid: minimum wage for all hours worked, overtime, for business expenses, or
9 provided with accurate itemized wage statements. SAC ¶¶ 28–45. Plaintiff alleges various causes
10 of action related to these claims.

## II.    LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984). A complaint may also be dismissed where it presents a cognizable legal theory yet fails to plead essential facts required to support the theory. *Id.* A plaintiff need not give "detailed factual allegations," but must plead sufficient facts that, if true, "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." (citation and quotation marks omitted)). A claim is facially plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.").

Case No.: 5:20-cv-06538-EJD
ORDER GRANTING MOTION TO DISMISS
2

In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe all inferences from them in the light most favorable to the nonmoving party. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002). However, this Court need not accept legal conclusions as true merely because they are cast in the form of factual allegations. *Ileto v. Glock Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003).

### III. DISCUSSION

Amazon argues the SAC must be dismissed because it does not contain an allegation that Amazon "employed" Plaintiff as required to show a violation of the California Labor Code. Defendant Amazon's Notice of Motion and Motion to Dismiss ("Mot.") at 6–9, Dkt. No. 31. Plaintiff contends that he has no obligation at this phase to plead the business relationship between Amazon and Green Messengers. Plaintiff's Opposition to Defendant Amazon's Motion to Dismiss ("Opp.") at 2–6, Dkt. No. 38. The Court disagrees.

An employer-employee relationship is required in order to establish liability for Labor Code violations. *See Martinez v. Combs*, 231 P.3d 259, 268 (Cal. 2010). "Employ" means "(a) to exercise control over the [plaintiff's] wages, hours or working conditions, *or* (b) to suffer or permit [a plaintiff] to work, *or* (c) to engage, thereby creating a common law employment relationship." *Id.* at 278. It is possible for two defendants to "jointly employ" a plaintiff. However, the "joint-employer" theory requires a plaintiff to demonstrate that each "employed" the plaintiff within the meaning of one of the three alternative definitions. *See Curry v. Equilon Enters., LLC*, 233 Cal. Rptr. 3d 295, 309 (Ct. App. 2018).

The joint-employer doctrine recognizes that "even where business entities are separate, if they share control of the terms of conditions of an individual's employment, both companies can qualify as employers." *Guitierrez v. Carter Bros. Sec. Servs., LLC*, 2014 WL 5487793, at *3 (E.D. Cal. Oct. 29, 2014) (citing *Real v. Driscoll Strawberry Assocs., Inc.*, 603 F.2d 748, 769–70 (9th Cir. 1979). While plaintiffs need not conclusively establish that defendants were their joint employers at the pleading stage, plaintiffs "must at least allege *some* facts in support of this legal conclusion." *Hibbs-Rines v. Seagate Techs., LLC*, 2009 WL 513496, at *5 (N.D. Cal. Mar. 2,

Case No.: 5:20-cv-06538-EJD
ORDER GRANTING MOTION TO DISMISS
3

2009) (citing *Twombly*, 550 U.S. at 555 (noting that a plaintiff must allege more than "labels and conclusions")). Indeed, Federal Rule of Civil Procedure 8(a) requires a plaintiff to differentiate allegations against multiple defendants. *Holtegaard v. Howroyd-Wright Employment Agency, Inc.*, 2020 WL 6051328, at *3 (C.D. Cal. Aug. 11, 2020); *see also Manukyan v. Cach, LLC*, 2012 WL 6199938, at *3 (C.D. Cal. Dec. 11, 2012) ("A court should dismiss a complaint that makes undifferentiated allegations against multiple defendants, because such a complaint fails to put each defendant on notice of the alleged wrongdoing."); *In re Toyota Motor Corp. Unintended Acceleration Mktg. Sales Pracs., and Prods. Liab. Litig.*, 826 F. Supp. 2d 1180, 1206 (C.D. Cal. 2011) ("[T]he Court notes that the SAC's wholesale failure to meaningfully differentiate among the Defendants would ordinarily require dismissal of and repleading of the[] claims . . . .").

The SAC is deficient because it fails to differentiate between the two Defendants, see SAC ¶¶ 15, 21, 24, and fails to allege how Amazon controlled Plaintiff's employment, see SAC ¶ 8. For example, the SAC alleges only that "at all relevant times mentioned herein, some or all of the defendants were the representatives, agents, employees, partners, directors, associates, joint ventures, principals, or co-participants of some or all of the defendants, and in doing the things alleged herein, were acting within the course and scope of such relationship and with the full knowledge, consent and ratification by such other defendants." SAC ¶ 8. It is unclear from the SAC how Amazon controlled Green Messengers' employment of Plaintiff and the other putative class members (if at all). Because Plaintiff's allegations as to Amazon are not sufficiently differentiated and fail to explain Amazon's relationship to the putative class, the Court must dismiss the SAC in its entirety as each claim depends on a predicate allegation that Amazon employed Plaintiff and the putative class. For this reason, the Court does not reach Amazon's Motion to Strike.

When dismissing a complaint for failure to state a claim, a court should grant leave to amend "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). Although the Court has determined that Plaintiff fails to state a claim, it is possible Plaintiff can cure his allegation by

Case No.: 5:20-cv-06538-EJD
ORDER GRANTING MOTION TO DISMISS
4

alleging, among other things, more particular facts as to Amazon's business relationship with Green Messengers.  In the amended pleading, Plaintiff should ensure that allegations of California Labor Code violations specify which Defendant is responsible for each alleged violation.  If Plaintiff's allegations rely on a joint employer theory of liability, he should specify the working relationship between Defendants and allege each Defendants amount of control over Plaintiff and the class's wages, hours, or working conditions, to the extent possible.

### IV. CONCLUSION

Amazon's motion to dismiss Plaintiff's SAC in its entirety is **GRANTED** with leave to amend.  Should Plaintiff choose to file an amended complaint, he must do so by November 29, 2021.  Failure to do so, or failure to cure the deficiencies addressed in this Order, will result in dismissal of Plaintiff's claims with prejudice.  Plaintiff may not add new claims or parties without leave of the Court or stipulation by the parties pursuant to Federal Rule of Civil Procedure 15.

**IT IS SO ORDERED.**

Dated: October 28, 2021

EDWARD J. DAVILA
United States District Judge

Case No.: 5:20-cv-06538-EJD
ORDER GRANTING MOTION TO DISMISS
5