UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HANS SANCHEZ,<br><br>    Plaintiff,<br><br>v.<br><br>GREEN MESSENGERS, INC., et al.,<br><br>    Defendants. | Case No. 5:20-cv-06538-EJD<br><br>**ORDER GRANTING MOTION TO STAY**<br><br>Re: ECF No. 56 |

Plaintiff Hans Sanchez brings this putative class action against Defendants Green Messengers, Inc. ("Green Messengers") and Amazon.com Services, LLC ("Amazon"), alleging various wage and hour violations under the California Labor Code and California Business and Professions Code. Third Am. Compl. ("TAC"), ECF No. 47. Now before the Court is Amazon's motion to stay pending the resolution of state administrative proceedings before the California Labor Commissioner. Mot. to Stay ("Mot."), ECF No. 56. The Court finds this motion suitable for decision without oral argument. *See* Civil L.R. 7-1(b). Having considered the parties' submissions and the record in this matter, the Court GRANTS the motion to stay.

**I.  BACKGROUND**

    **A.  Factual Background**

Plaintiff is a former delivery driver employed by Green Messengers, a company which contracted with Amazon to provide delivery services. TAC ¶ 9, 39. During Plaintiff's time as a delivery driver, Amazon allegedly planned and scheduled routes, controlled the hours worked by drivers, determined wages, and had the power to remove drivers from their jobs. *Id.* ¶¶ 9, 11, 15-16. According to Plaintiff, he and other putative class members were denied legally mandated meal periods and rest periods, were not paid all wages earned, were not reimbursed for business

Case No.: 5:20-cv-06538-EJD
ORDER GRANTING MOTION TO STAY    1

expenses, and were not provided with accurate wage statements.  *Id.* ¶¶ 40-65.

### B. Procedural Background

Plaintiff initially filed suit in Santa Clara Superior Court, and his case was removed to this Court on September 17, 2020.  Notice of Removal, ECF No. 1.  He twice amended his complaint, after which the Court granted Amazon's motion to dismiss with leave to amend.  First Am. Compl., ECF No. 19; Second Am. Compl., ECF No. 26; Order Granting Mot. to Dismiss, ECF No. 45.  Plaintiff then filed the operative complaint on November 29, 2021, and Amazon answered on January 12, 2022.  TAC; Answer, ECF No. 51.

Concurrent with this action, the California Labor Commissioner conducted a parallel investigation.  Request for Judicial Notice ("RJN"), ECF No. 57, Ex. E.[1]  On January 19, 2021, the Labor Commissioner issued Wage Citations against Defendants for violations that were in large part similar to Plaintiff's claims in this suit.  RJN, Exs. C-D.  Defendants appealed, and those appeals are currently pending before the Labor Commissioner's Office.  RJN, Ex. E; Mot. at 4; Opp'n to Mot. ("Opp'n"), ECF No. 64, at 8.

## II. DISCUSSION

### A. Choice of *Landis* or *Colorado River*

The parties dispute the proper standard for a stay in these circumstances.  Amazon contends that the Court may stay this action under *Landis v. North American. Co.*, 299 U.S. 248 (1936).  Mot. at 9-14.  The authority for a stay under *Landis* arises from a court's inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  299 U.S. at 254; *see also Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979) ("A trial court may, with propriety, find it is efficient for its

---

[1] Amazon requests judicial notice of Exhibits A through E, which consist of correspondence between Plaintiff and the California Labor & Workforce Development Agency (Exhibits A and B), the Wage Citations against Defendants (Exhibits C and D), and a press release by the Labor Commissioner regarding those Wage Citations (Exhibit E).  RJN, Exs. A-E.  The Court GRANTS Amazon's request as to Exhibits C through E.  *See Minor v. FedEx Office & Print Servs., Inc.*, 78 F. Supp. 3d 1021, 1027-28 (N.D. Cal. 2015) (taking notice of records of state agencies); *In re Am. Apparel, Inc. S'holder Litig.*, 855 F. Supp. 2d 1043, 1062 (C.D. Cal. 2012) (taking notice of press releases).  The Court DENIES AS MOOT Amazon's request as to Exhibits A and B because the Court does not rely on those documents.

Case No.: 5:20-cv-06538-EJD
ORDER GRANTING MOTION TO STAY    2

1    own docket and the fairest course for the parties to enter a stay of an action before it, pending

2    resolution of independent proceedings which bear upon the case."). Plaintiff disagrees, arguing

3    that the Court must apply the more restrictive abstention standard under *Colorado River Water*

4    *Conservation District v. United States*, 424 U.S. 800 (1976). Opp'n at 1. In his view, *Colorado*

5    *River* applies exclusively when a party seeks to stay a federal action in favor of concurrent state

6    proceedings, and *Landis* applies when a party seeks to stay a federal action in favor of another

7    federal action. *Id.*

8    The law on this issue is unsettled in the Ninth Circuit, and district courts have diverged in

9    their approaches. *See AmGuard Ins. Co. v. Optima Funeral Home, Inc.*, No. CV 22-4179-MWF

10   (JCx), 2022 WL 18142556, at *3-4 (C.D. Cal. Nov. 29, 2022) (observing the lack of binding

11   Supreme Court or Ninth Circuit precedent and collecting cases); *Noble v. JP Morgan Chase Bank,*

12   *Nat'l Ass'n*, No. 22-cv-02879-LB, 2022 WL 4229311, at *6-7 (N.D. Cal. Sept. 13, 2022) (same).

13   Courts holding that *Landis* may apply in cases involving concurrent federal-state

14   proceedings generally focus on the extent to which granting a stay would operate to abdicate the

15   federal court's jurisdiction. For example, in *Pacific Structures, Inc. v. Greenwich Insurance Co.*, a

16   court in this district granted a stay under *Landis* after previously denying the stay under *Colorado*

17   *River*. No. 21-cv-04438-HSG, 2022 WL 2673087 (N.D. Cal. June 15, 2022). Although it

18   originally held that *Colorado River* applied when evaluating a stay in favor of state proceedings,

19   the court reached a different conclusion with the benefit of additional briefing. *Id.* at *1.

20   Examining the rationales behind *Colorado River* and *Landis*, the court explained that *Colorado*

21   *River* contemplates that a federal court will have nothing left to do following a stay, while *Landis*

22   only contemplates postponing a case so that other proceedings can resolve narrow factual or legal

23   issues. *Id.* On this basis, *Pacific Structures* applied the *Landis* test because the party seeking the

24   stay expected state proceedings to narrow issues before the federal court, not to fully resolve all

25   claims. *Id.* at *2; *see also, e.g.*, *AmGuard*, 2022 WL 18142556, at *5 ("[T]he Court concludes that

26   *Landis* is applicable here because the claims and parties differ from those in the Underlying

27   Action and a stay would not amount to a surrender of jurisdiction."); *United Specialty Ins. Co. v.*

28   *Bani Auto Grp., Inc.,* No. 18-cv-01649-BLF, 2018 WL 5291992, at *1, 4, 8 (N.D. Cal. Oct. 23,

Case No.: 5:20-cv-06538-EJD
ORDER GRANTING MOTION TO STAY      3

2018) (denying a motion to dismiss in favor of state proceedings under *Colorado River* but then granting a stay under *Landis*); *Klein v. Cook*, No. 5:14-cv-03634-EJD, 2015 WL 2454056, at *2-3 (N.D. Cal. May 22, 2015) (applying *Landis* rather than *Colorado River* to stay federal proceedings in favor of a suit in state court). *But see, e.g.*, *Fisk Elec. Co. v. Obayashi Corp.*, No. 18-cv-07671-EMC, 2021 WL 197671, at *2 (N.D. Cal. Jan. 20, 2021) ("When the parallel case is a state court action, as here, a stay may be granted pursuant to the *Colorado River* doctrine only."); *AIIRAM LLC v. KB Home*, No. 19-CV-00269-LHK, 2019 WL 3779185, at *6 (N.D. Cal. Aug. 12, 2019) (holding that *Landis* and *Colorado River* are not alternatives and that *Colorado River* applies in situations involving concurrent federal and state jurisdiction).

The Ninth Circuit, too, has suggested that district courts may issue stays in favor of state proceedings through *Landis*, albeit in a nonbinding memorandum decision. *See Patel v. City of Los Angeles*, 594 F. App'x 415 (9th Cir. 2015). In *Patel*, the Ninth Circuit held that the district court erred by abstaining in favor of state proceedings, but it then indicated that the district court could still exercise its "broad discretion to stay proceedings as an incident to its power to control its own docket," *id.* at 416 (quoting *Clinton v. Jones*, 520 U.S. 681, 706-07 (1997)), explicitly citing *Landis* for the proposition that "such a stay may be entered until Patel's mandamus petition has been resolved in state court." *Id.* Several courts have cited to *Patel* in concluding that they may apply *Landis* to stay federal proceedings while state proceedings are pending. *See, e.g.*, *Noble*, 2022 WL 4229311, at *7; *Icon at Panorama, LLC v. Sw. Reg'l Council of Carpenters*, No. CV 19-00181 CBM(MRWx), 2020 WL 5751228, at *1-2 (C.D. Cal. Mar. 12, 2020).

This position also finds support in the reasoning of *Colorado River* and its progeny. In *Colorado River*, the Supreme Court reviewed the dismissal of a federal water rights action in favor of state proceedings. 424 U.S. at 806. It drew a distinction between situations involving federal-federal concurrent jurisdiction and those involving federal-state concurrent jurisdiction. *Id.* at 817. As to the former, the Supreme Court explained that "the general principle is to avoid duplicative litigation." *Id.* By contrast, the general principle for the latter is that "the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court." *Id.* (quoting *McClellan v. Carland*, 217 U.S. 268, 282 (1910)). However, the difference in approach

Case No.: 5:20-cv-06538-EJD
ORDER GRANTING MOTION TO STAY       4

did not stem from the idea that concurrent state proceedings deserved less deference than concurrent federal proceedings. Instead, the Supreme Court made clear that the justification for that difference was "the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them." *Id.* Consequently, when a stay would not serve to divest a federal court of its jurisdiction, the reasons counseling in favor of applying *Colorado River*'s demanding requirements do not exist.

The Supreme Court's later decision in *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1 (1983), further reinforces this conclusion. *Moses H. Cone* involved the district court's decision to stay efforts in federal court to compel arbitration while parallel efforts seeking to prevent arbitration played out in state court. *Id.* at 7. The Supreme Court held that the *Colorado River* standard could apply to stays in addition to dismissals, but it noted that a stay under *Colorado River* presumes "that the parallel state-court litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties." *Id.* at 27-28. That is, when a stay functions as "a refusal to exercise federal jurisdiction," the *Colorado River* test is required. *Id.* at 28.

Finally, in *Will v. Calvert Fire Insurance Co.*, decided between *Colorado River* and *Moses H. Cone*, a plurality of the Supreme Court emphasized that "a district court's decision to defer proceedings because of concurrent state litigation is generally committed to the discretion of that court." 437 U.S. 655, 665 (1978) (plurality opinion). This was the case because a district court, when "confronted both with competing demands on [its] time for matters properly within [its] jurisdiction and with inevitable scheduling difficulties because of the unavailability of lawyers, parties, and witnesses, is [] entrusted with a wide latitude in setting [its] own calendar." *Id.* Such reasoning sounds in a court's inherent power to control its docket under *Landis* and therefore indicates that applying *Landis* in the face of parallel state proceedings may be appropriate in some instances.

The import of the three Supreme Court cases above is that the purpose of *Colorado River*'s strict test is to safeguard the exercise of federal jurisdiction, and in the absence of concerns that a stay would effectively deprive the federal court of jurisdiction, a court may issue a stay under its

Case No.: 5:20-cv-06538-EJD
ORDER GRANTING MOTION TO STAY     5

power to control its docket and calendar. Plaintiff's authorities to the contrary do not mandate a different conclusion. None of Plaintiff's Ninth Circuit citations involved consideration of whether *Landis* was available to stay a federal action in favor of concurrent state proceedings. That the Ninth Circuit applied *Colorado River* shows only that the doctrine *can* apply in such situations, not that it *must*, and it does not show that *Landis* is categorically inapplicable whenever concurrent state proceedings are involved. The rest of Plaintiff's authorities are not binding on this Court. And in fact, two of them support this Court's conclusion. In *Cottrell v. Duke*, the Eighth Circuit observed that "a district court retains its inherent power to control its docket when facing concurrent state and federal litigation." 737 F.3d 1238, 1249 (8th Cir. 2013). It held that a district court is prevented from applying *Landis* only when "the effect of [a stay] is to accomplish the same result contemplated by *Colorado River*," *i.e.*, when a stay "effectively dismisse[s] the federal proceeding in favor of a concurrent state dispute." *Id.* Likewise, *Stoltz v. Fry Foods, Inc.* explained that *Landis* stays involve postponement of federal proceedings and "serve[] only to narrow the factual or legal issues" while *Colorado River* stays "represent a complete abdication" of the federal court's jurisdiction. 60 F. Supp. 3d 1132, 1136-37 (D. Idaho 2014). The *Stoltz* court proceeded to apply *Colorado River* because "[r]unning throughout [the plaintiff's] argument is the assumption that there will be nothing more for this Court to do once a stay is entered." *Id.* at 1137. Both cases align exactly with this Court's determination that *Landis* can apply if a stay would not be dispositive of the entire case.[2]

In conclusion, the Court finds that while *Colorado River* generally applies to stays pending state proceedings, in situations where the state proceedings would not fully resolve all issues before the federal court, *Landis* may also apply. That is the case here, where Plaintiff raises an expense reimbursement claim that is not present in the concurrent state proceedings before the Labor Commissioner. *Compare* RJN, Exs. C-D, *with* TAC ¶ 1. Accordingly, the Court shall analyze Amazon's motion under *Landis*.

---

[2] Plaintiff makes a final argument that allowing *Landis* to apply would undermine *Colorado River* by rendering one of its factors redundant. Opp'n at 6. As the Court has already explained, allowing *Landis* to apply in certain situations is consistent with the purposes of *Colorado River*.

Case No.: 5:20-cv-06538-EJD
ORDER GRANTING MOTION TO STAY      6

### B. Application of *Landis*

Under *Landis*, a court deciding whether to stay proceedings weighs three competing interests: (1) "the possible damage which may result from the granting of a stay"; (2) "the hardship or inequity which a party may suffer in being required to go forward"; and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)).

First, the Court finds that Plaintiff would suffer little, if any, damage from a stay. There is no allegation of ongoing violations, and Plaintiff is not seeking injunctive relief. *See Lockyer*, 398 F.3d at 1110 (delay in monetary compensation when a plaintiff sought no injunctive relief does not weigh heavily against a stay). Moreover, the state proceedings themselves involve alleged violations that overlap with the claims here, and a decision upholding the Wage Citations against Defendants would require them to compensate the putative class, including Plaintiff. *See* RJN, Exs. C-D. Plaintiff's primary arguments for why he will be damaged are that he may not recover anything from the state proceedings or may be able to recover more in this action, that evidence may be lost, and that any delay would be too long to justify a stay. Opp'n at 19-20. But the risk that Plaintiff may not prevail is present in this action as well as in the state proceedings, and as discussed above, any delay in further recovery that he might receive does not weigh heavily in this analysis. Nor is there any indication that evidence is at risk except for Plaintiff's say-so. As for Plaintiff's concerns about the potential length of a stay, he is correct that "[a] stay should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims presented to the court." *Leyva*, 593 F.2d at 864. In this case, the Court does not find that a stay until the Labor Commissioner issues a decision would be unreasonably long. *See Landis*, 299 U.S. at 256-57 (staying an action until a decision by the court in a parallel action was appropriate). If proceedings before the Labor Commissioner become protracted beyond reason, Plaintiff may move to lift the stay at that point. Accordingly, the first *Landis* factor weighs in favor of a stay.

Second, the Court finds that Amazon would suffer hardship absent a stay. Although the

Case No.: 5:20-cv-06538-EJD
ORDER GRANTING MOTION TO STAY     7

burden of simultaneous litigation is not something that factors strongly in the stay analysis, *Klein*, 2015 WL 2454056, at *4, Amazon's arguments about the prospect of inconsistent results and piecemeal litigation over the same issues are persuasive. *Cal. Dep't of Water Res. v. Powerex Corp.*, 653 F. Supp. 2d 1057, 1065 (E.D. Cal. 2009). The fact that some claims before this Court may not present any risk of conflicting rulings does not obviate the need for a stay because many of the claims do overlap between this case and the state proceedings. *See* Mot. at 8. Thus, the second *Landis* factor also weighs in favor of a stay.

Third, the Court finds that the orderly course of justice weighs in favor of a stay because the state proceedings will likely simplify many of the issues before the Court due to the overlapping nature of the claims. The avoidance of potentially inconsistent rulings also "promotes judicial efficiency and supports a stay." *Pac. Structures*, 2022 WL 2673087, at *2. Therefore, the third *Landis* factor weighs in favor of a stay as well.

The Court finds in its discretion that a stay of this action pending resolution of the proceedings before the Labor Commissioner best serves the efficient use of judicial and party resources.[3]

## III. CONCLUSION

The Court GRANTS Amazon's motion to stay. The parties shall file a joint status report regarding the status of the proceedings before the Labor Commissioner one year from the date of this Order. Thereafter, the parties shall file joint status reports every six months. Following the filing of each status report, the Court will consider whether the stay should be lifted. The parties shall file a status report notifying the Court within five (5) days of the resolution of the proceedings before the Labor Commissioner.

**IT IS SO ORDERED.**

Dated: March 31, 2023

EDWARD J. DAVILA
United States District Judge

---

[3] Because the Court grants Amazon's motion under *Landis*, it does not address Amazon's argument that California Labor Code Section 2699(h) is an alternate basis for staying this action.
Case No.: 5:20-cv-06538-EJD
ORDER GRANTING MOTION TO STAY      8